(33 Misc. Rep. 351.)

### PEOPLE ex rel. ROLF v. COLER, Comptroller.

(Supreme Court, Special Term, New York County.  December, 1900.)

MANDAMUS—COSTS—EXTRA ALLOWANCE.

    Code Civ. Proc. § 2082, relating to mandamus proceedings, declares that, except as otherwise provided, the proceedings, after issue joined, shall be the same as in an action, and each provision of the Code relating to proceedings in an action shall apply thereto.  Section 2086 provides that, where an alternative writ of mandamus has been issued, costs may be awarded as in an action.  Section 3253 authorizes the granting of an additional allowance, at the discretion of the court, in difficult and extraordinary cases where defense has been interposed in an action.  *Held*, that since, under section 2086, whether the successful party in mandamus proceeding shall receive any costs is within the discretion of the court, the court is authorized to grant an extra allowance in mandamus proceedings to compel the payment of a sum of money in which an alternative writ had been issued and trial had, the court being able to compute such allowance as provided in section 3253.

Mandamus by the people, on relation of Bernard Rolf, against Bird S. Coler, comptroller of the city of New York.  Motion for an extra allowance of costs to relator.  Motion granted.

Kellogg & Rose, for relator.

John Whalen, Corp. Counsel, for respondent.

ANDREWS, J.  This a motion on the part of the relator for an extra allowance.  The relator was entitled to a payment of $13,193.60, with interest from July 10, 1900, upon a contract with the city, and the engineers in charge of the work had made a certificate to that effect.  Complaint was made to the comptroller that the contractor was not paying the prevailing rate of wages, and he thereupon withheld this and all other payments upon the work.  The relator then made a motion for a peremptory writ of mandamus requiring the comptroller to pay said sum, and upon the hearing of the motion the court granted an alternative writ, to which the respondent made return.  The issues raised by the writ and return were tried before a referee; the main issue tried being the question whether the relator was paying the prevailing rate of wages.  The trial occupied considerable time, many meetings were held, and about 160 pages of testimony were taken.  The referee found in favor of the relator, and directed that a writ issue requiring the comptroller to pay the said sum of $13,193.60.  The relator now applies for an extra allowance, and the only objection raised on behalf of the respondent to the granting of the same is that the court has no power to grant an extra allowance in mandamus proceedings; it apparently being conceded, and at all events it being obvious, that the case is one in which it is proper that an allowance should be made, if the court has the power to do so.  Section 2082 of the Code of Civil Procedure provides, in part, as follows: "Except as otherwise expressly prescribed in this act, the proceedings, after issue is joined, upon the facts or upon the law are in all respects the same as in an action; and each provision of this act, relating to the proceedings in an action, apply thereto." Sections 2083 and 2084 provide for the trial of the issues raised in.

mandamus proceedings. Section 2086 is as follows: "Where an alternative writ of mandamus has been issued, costs may be awarded, as in an action." The provisions of the Code of Civil Procedure in regard to costs and allowances are contained in sections 3251 to 3261. The article is headed, "Sums Allowed as Costs; Disbursements." Section 3251 states as follows: "Costs awarded to a party to an action must be at the following rates;" and then come the provisions which fix the rates at which the prevailing party in an action is entitled to recover costs as a matter of right. Section 3253 provides that "the court may also, in its discretion, award to any party a further sum, as follows." One of the cases in which the court has a discretion to make an additional allowance is "in a difficult and extraordinary case where a defense has been interposed in an action." As above stated, costs provided for in section 3251 are recovered as a matter of right, but the granting or refusing of an additional allowance, under section 3253, rests in the sound discretion of the court. The language used is that the court "may," in its discretion, award to any party a further sum,—that is, a sum in addition to the costs recoverable as a matter of right,—and when such further sum is awarded it is, in effect, an increased amount of "costs." Under said section 2086, it rests in the discretion of the court whether the successful party in a mandamus proceeding shall receive any costs at all, but the power given to the court is "to award costs as in an action." In my opinion, therefore, the court has the power in a mandamus proceeding to award the costs given to the successful party in an action as a matter of right by section 3251, and also in a difficult and extraordinary case, where an alternative writ has been issued and a defense has been interposed, a further sum not exceeding 5 per centum upon the sum recovered in the mandamus proceeding. I am referred by the corporation counsel to the case of People v. Hertle, 46 App. Div. 505, 60 N. Y. Supp. 23, 61 N. Y. Supp. 965, in which the appellate division reversed an order granting an extra allowance in a mandamus proceeding. That, however, cannot be regarded as an authority against the relator in this application. The mandamus in that case directed the reinstatement of a public officer in a position in the civil service of the city of New York from which he had been wrongfully removed. Such order contained a provision for an extra allowance, and was affirmed except as to that provision, which was reversed. In the opinion rendered by the presiding justice occurs the following: "We think, however, that the court below erred in granting the extra allowance. There does not seem to be any provision of law which authorizes the granting of any such allowance." It must be assumed that that decision related to the case only which was before the court and similar ones, in which no sum of money is involved upon which the extra allowance could be calculated, and therefore does not apply to the case at bar. Motion granted, and an extra allowance awarded of 5 per cent. upon $13,193.60, the amount of the recovery in this proceeding.

Motion granted.