(9 App. Div. 58.)

PEOPLE ex rel. CRUMMEY v. PALMER, Comptroller.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

CIVIL SERVICE LAW—CONFIDENTIAL POSITION.

The assistant warrant clerk in the office of the comptroller of the city of Brooklyn, whose duties are to look up the accounts against which warrants are drawn, and to act as messenger between the officers who sign and countersign warrants, does not occupy a confidential position, though he sometimes, in the absence of the warrant clerk, fills up warrants.

Appeal from special term, Kings county.

Application by Robert Crummey for a writ of mandamus to compel George W. Palmer, comptroller of the city of Brooklyn, to restore relator to the position of assistant warrant clerk in the comptroller's office. Relator's duties were to help in finding the proper accounts against which warrants should be drawn; to act as a messenger of the deputy comptroller and warrant clerk among the different officials who sign, countersign, and examine warrants; to examine lien dockets, etc., though not for the purpose of filling out warrants or handling money; and, in the absence of the warrant clerk, to fill out warrants. A peremptory writ was granted, and defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Alfred E. Mudge, Asst. Corp. Counsel, and Samuel T. Maddox, for appellant.

James C. Cropsey, for respondent.

PER CURIAM. In January, 1895, the relator, who was a veteran fireman, held the position of assistant warrant clerk in the office of the comptroller of the city of Brooklyn. He was removed from that position by the comptroller, without any cause shown or hearing had; and, to procure his reinstatement, he instituted this mandamus proceeding. An alternative writ was granted, to which a return was made, setting up, by way of defense, that the comptroller, prior to the service of the papers herein, had no knowledge whatever that the relator was or claimed to be a veteran fireman, or entitled to any privileges under chapter 577 of the Laws of 1892; and, furthermore, that the relator's position was a confidential relation to the appointing officer, and therefore excepted from the operation of that statute. When the issues thus joined came on to be tried, the justice who presided at the trial held, as matter of law, that the relator did not occupy any confidential relation to the comptroller, but the court submitted to the jury the question whether he had waived any of his rights and privileges, under chapter 577 of the Laws of 1892, by any action or want of action on his part. This question the jury answered in the negative. They also assessed the relator's damages, under section 2088 of the Code of Civil Procedure, in the sum of $1,375. From the final order entered upon this verdict, as well as from an order denying his motion for a new trial, the comptroller now appeals.

v.41 N.Y.s.no.2—6

In our opinion, the proceedings have been regular and without substantial error, and the orders made below must be affirmed. The position occupied by the relator was not a confidential relation to the appointing officer. People v. Sutton, 88 Hun, 173, 34 N. Y. Supp. 487. The rulings of the court upon the trial were correct. The failure to serve notice to produce the papers which the relator claimed to have mailed to the comptroller, in regard to his service as a fireman, and whose contents he was allowed to prove, was of no importance, in view of the comptroller's denial that he had ever received such papers. The proof that the relator had not had any employment since his discharge was beneficial, rather than injurious, to the comptroller on the question of damages, since the learned trial judge held that it was the relator's duty to get work if he could. The questions put to the comptroller on cross-examination, as to what he had said in reference to veteran firemen generally, were permissible within the discretion of the court. The exclusion of the civil service regulations was not error. Even though the civil service commissioners of the city of Brooklyn deemed the relator's position to be a confidential one, for the purpose of classifying positions in the municipal service, we do not think their conclusion in this respect would be binding upon the court in the construction or application of the veteran act, whose protection was invoked by the relator in this proceeding. The advice which the comptroller received from counsel, as to his power to remove veteran firemen generally, was immaterial, and was properly excluded. It did not apply to the case of the relator. The comptroller himself could hardly have deemed the relator's position to be confidential, for he testified upon cross-examination: "If I had known that Crummey was a veteran fireman, I would not have dismissed him. I would have retained him, because I believe I would have no right to dismiss him." Ample authority for allowing the jury to assess the damages sustained by the relator is found in the provisions of section 2088 of the Code of Civil Procedure.

The orders appealed from must be affirmed, with costs.