(44 App. Div. 449.)

PEOPLE ex rel. COVENEY v. KEARNEY.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

1. MUNICIPAL CORPORATIONS — CITY EMPLOYES — REMOVAL—REINSTATEMENT— MANDAMUS.

Laws 1892, c. 577, amending Laws 1888, c. 119, § 1, declares that no person who has served five years in the volunteer fire department of any city in the state, appointed to a position in any city, and receiving a salary therefrom, shall be removed except for cause shown, after hearing. Chapter 275, § 44, provides that there shall be a bureau in the fire department of the city of New York called the "Bureau of Fire-Alarm Telegraph and Electrical Appliances," and provides for a superintendent, and one or more subordinate officers, who shall be called "inspectors of electrical appliances." By Greater New York charter, such inspectors were transferred to the department of public buildings, lighting, and supplies; and Laws 1899, c. 370, § 29, repealed Act 1892, but provided that any right acquired prior to its passage should not be impaired thereby. Held, that since a former city volunteer fireman, appointed an inspector of electrical appliances in 1895, was a mere city employé, and not the holder of a city office, he was entitled to an alternative writ of mandamus against the commissioner of public buildings, lighting, and supplies to compel his reinstatement, where he had been wrongfully dismissed by such commissioner, without cause or hearing.

2. SAME—ISSUES OF FACT—JURY'S FINDINGS—EFFECT.

Laws 1892, c. 577, amending Laws 1888, c. 119, § 1, declares that no person who has served five years in the volunteer fire department of any city in the state, appointed to a position in any city and receiving a salary therefrom, shall be removed except for cause shown, after hearing. Code Civ. Proc. §§ 968, 2083, provides that an issue of fact joined on an alternative writ of mandamus must be tried by a jury as any issue joined in an action to which either party was entitled by right to a jury trial; and section 970 declares that a jury's finding on a question of fact stated to be tried by them, where either party can of right require such a trial, is conclusive, unless the verdict is set aside or a new trial granted. Held, in a mandamus proceeding by an ex city employé to compel his reinstatement, that a jury's finding that he had been a member of such a volunteer fire department for more than five years was conclusive.

Appeal from special term.

Mandamus by the people, on relation of James D. Coveney, against Henry S. Kearney, as commissioner of public buildings, lighting, and supplies of the city of New York. From an order dismissing relator's application for mandamus, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

James M. Hunt, for appellant.
Theodore Connoly, for respondent.

INGRAHAM, J. By the proceeding the relator seeks to compel
the respondent, as commissioner of public buildings, lighting, and
supplies in the city of New York, to reinstate him as inspector in
the department of public buildings, lighting, and supplies in the
city of New York, from which position the relator was removed on
February 19, 1898. The court below dismissed the proceeding. The
alternative writ of mandamus alleges that, pursuant to the provi-
sions of section 44 of chapter 275 of the Laws of 1892, the relator
was, on October 4, 1895, duly and regularly appointed by the fire de-
partment of the city of New York an inspector of electric wires and
appliances. By the act there referred to, it is provided that there
shall be in the fire department of the city of New York a bureau
called the "Bureau of Fire-Alarm Telegraph and Electrical Appli-
ances." The chief of said bureau shall be called the "superintendent
of fire-alarm telegraph and electrical appliances," and there shall
be one or more subordinate officers, who shall be called "inspectors
of electrical appliances." The relator was appointed to, and did
become a subordinate officer in, the bureau of fire-alarm telegraph
and electrical appliances of the fire department of the city of New
York. The alternative writ of mandamus also alleges that, pursuant
to the provisions of the charter of the city of New York, he was
transferred from the fire department to the department of public
buildings, lighting, and supplies, and thereafter became, and until
February 19, 1898, served, as an inspector in the department of
public buildings, lighting, and supplies, when, on February 19th, he
was dismissed by the respondent from such position. The writ fur-
ther alleges that prior to February 19, 1898, the relator had served
the time required by law, viz. five years, in the volunteer fire de-
partment of the city of Yonkers, in this state, and that, pursuant to
the provisions of chapter 577 of the Laws of 1892, he could not be
legally removed from his position as an inspector, to which he was
appointed by the fire department of the former city of New York,
except for cause shown, after a hearing had.

Chapter 577 of the Laws of 1892, amending section 1 of chapter
119 of the Laws of 1888, provides that "no person holding a position
by appointment in any city or county of this state or who may here-
after be appointed, receiving a salary from such city or county,
* * * who shall have served the time required by law in the
volunteer fire department of any city, town or village in the state,
* * * shall be removed from such position except for cause shown
after a hearing had"; and this act was in force at the time of the
removal of the relator, and at the time of the commencement of this
proceeding. This act was repealed by section 29, c. 370, Laws 1899,
but it was there provided that "any act done or right accruing, ac-
crued or acquired, or liability, penalty or punishment incurred prior

to the passage of this act shall not be affected or impaired; but the same may be asserted, enforced, prosecuted or inflicted as fully, and to the same extent, as if the several acts herein referred to had not been amended or repealed."

Assuming that the removal of the relator by the respondent was a violation of the act of 1892, the first question presented is whether a person removed in violation of the provisions of that chapter is entitled to be reinstated by mandamus. By the act in question, no remedy is prescribed by which a person removed in violation of the provisions of this statute may be reinstated in the office from which he had been illegally removed. A remedy by mandamus is given to honorably discharged soldiers, sailors, and marines by chapter 312 of the Laws of 1884, as amended by chapter 821 of the Laws of 1896; but the legislature failed to extend this remedy to volunteer firemen. It is a general provision of law, which has been many times applied, that the courts will not, at the instance of a person out of possession of an office, try the title to the office by mandamus or other proceeding, but will leave him to his remedy by information. Nichols v. MacLean, 101 N. Y. 526, 5 N. E. 347; In re Gardner, 68 N. Y. 472; Lewis v. Brush, 146 N. Y. 60, 40 N. E. 502; People v. Tracy, 35 App. Div. 268, 54 N. Y. Supp. 1070; People v. Dalton, 34 App. Div. 6, 53 N. Y. Supp. 1060. In all of these cases, however, the question related to the title to a public office where the office had been created by law, and where such office had been filled and was in actual possession of another. Thus, in People v. Goetting, 133 N. Y. 570, 30 N. E. 969, it is said:

"The rule must be regarded as well established, by frequent decisions in the courts of this state, that the writ of mandamus should be refused to aid the admission of a claimant into an office already filled under color of law, and when the title to it presents a disputable question."

In Re Gardner, supra, it is said:

"It was settled, at a very early period in its judicial history, that, where a person is already an officer by color of right, the court will not grant a mandamus to admit another person who claims to have been duly elected, and that the proper remedy is by an information in the nature of a quo warranto."

In Nichols v. MacLean, supra, Andrews, J., says:

"The courts held that they would not, at the instance of a person out of possession of an office, try the title to the office by mandamus or other proceeding, but would leave him to his remedy by information, and it has been said in several cases that the title could only be tried in that proceeding."

And the reason of this rule is that the court would not determine the right of a person to an office in a proceeding to which the other claimant was not a party, and could not be heard. Thus, in People v. Lane, 55 N. Y. 217, it is said:

"If there be a serious question as to the title to the office, it ought not be decided against the party in possession in a proceeding in which he has no opportunity to be heard. Mandamus is not the proper remedy in such a case."

But it seems to be quite clear that the position occupied by the relator was not a public office, within the meaning of this rule. By the act under which the relator was appointed, a bureau in the fire department was established. The chief of such bureau, called the

"superintendent of electrical appliances," was to be appointed by the fire commissioners. His position would undoubtedly be that of a public officer. There could be but one chief of the bureau, and, when that position was filled, until the incumbent was removed no other person could be appointed to the office. The statute further provided that there was to be one or more subordinate officers, who were to be called "inspectors of electric appliances." These positions were strictly subordinate. Their number was not limited by the legislature, and they were in the nature of assistants or employés. No one office was created by law, but provision was made for the appointment of such subordinates as were necessary to the proper performance of the duties imposed upon the bureau. It would seem to be quite clear that in such a case an action in the nature of a quo warranto would not lie, for there was no particular office to which the relator was entitled. There is no allegation that this position from which the relator had been removed had been filled by the appointment of another, or that there was any question as to the title to the office between the relator and one actually occupying the position from which the relator had been removed. The relator had occupied this position called by the act a "subordinate officer." The statute provided that he should not be removed from such subordinate position except for cause shown, after a hearing had. In violation of this statute, the respondent had removed the relator from such position, and it would appear that the only remedy that the relator had was an application to the court for a mandamus to compel the respondent to restore him to the position from which he had been illegally removed. This distinction is illustrated in People v. Sutton, 88 Hun, 174, 34 N. Y. Supp. 488, where the general term of the Second department says:

"The rule that courts will not, at the instance of a person out of possession of an office, try the title thereto by mandamus, but will leave the party to his remedy by writ of quo warranto, has reference to public officers created by law, and is not applicable to clerks or employés unlawfully removed from their positions by superior authority."

We think, therefore, that the relator was entitled to institute this proceeding, and, if his removal was illegal, to compel the respondent, by mandamus, to reinstate him in his position.

We also think that the learned judge at special term had no power to go behind the verdict of the jury upon the trial of the issues raised by the alternative writ, and determine that the relator was not an exempt fireman, within the provisions of the statute referred to. By the alternative writ and the return an issue of fact was raised, viz. whether, at the time of the relator's discharge, he had served the time required by law in the volunteer fire department of the city of Yonkers. Upon a trial of that issue before a jury, the jury found that the relator had served more than five years in the volunteer fire department in the city of Yonkers, before February 19, 1898, when he was dismissed by the respondent. This verdict was binding upon the court at special term in determining the question whether the relator was entitled to a writ. Section 2083 of the Code of Civil Procedure provides that "an issue of fact joined upon an alternative

writ of mandamus must be tried by a jury, as if it was an issue joined in an action specified in section nine hundred and sixty-eight of this act." That section refers to a trial by a jury in actions to which either party was entitled by right to such trial. By section 970 of the Code, it is provided that the finding of a jury upon a question of fact stated to be tried by a jury, in a case where either party can as a right require such a trial, is conclusive, unless the verdict is set aside or a new trial granted. As an issue of fact joined upon an alternative writ of mandamus must be tried by a jury as if it was an issue joined in an action where a party had a right to trial by jury, its effect, we think, must be the same as the verdict of a jury in such an action, and binding upon the court hearing the application for a final order, unless the verdict is set aside or a new trial granted. As the verdict in this proceeding expressly found that the relator had served five years in the volunteer fire department in the city of Yonkers at the time he was discharged, such finding was binding upon the special term, and upon the verdict the relator was entitled to be reinstated.

It follows that the order appealed from must be reversed, and the application granted, with costs in this court and in the court below. All concur.