PEOPLE ex rel. BOYD v. HERTLE et al.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. MANDAMUS—TRIAL—FINDINGS BY JURY—EFFECT.
　　Findings of a jury on questions of fact joined on an alternative writ of mandamus are conclusive on the supreme court at special term.

2. SAME—RIGHT OF APPEAL.
　　Since an order directing a peremptory mandamus is a final judgment in the proceeding, errors arising in the course of the trial or proceeding may be reviewed on appeal from such order.

3. SAME—COSTS—EXTRA ALLOWANCE.
　　An extra allowance of costs cannot be allowed on the trial of an alternative writ of mandamus.

Appeal from special term, New York county.

Application for mandamus by the people, on the relation of James Boyd, against John Hertle and others, commissioners of accounts of the city of New York. From an order granting a peremptory writ (60 N. Y. Supp. 23), defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Terence Farley, for appellants.
H. D. Baldwin, for respondent.

VAN BRUNT, P. J. We think that the order should be affirmed for the reasons stated by Mr. Justice SCOTT in his opinion in the court below. It is, however, necessary to call attention to the statement contained in his opinion, that the findings of the jury upon questions submitted to them in a proceeding for mandamus are not conclusive upon the court at special term. This view in respect to the verdict of a jury in such proceedings is erroneous, as was shown in the case of People v. Kearney (recently decided by this court) 61 N. Y. Supp. 41, in which it was held that:

"As an issue of fact joined upon an alternative writ of mandamus must be tried by a jury as if it was an issue joined in an action where a party had a right to trial by jury, its effect, we think, must be the same as the verdict of a jury in such an action, and binding upon the court hearing the application for a final order, unless the verdict is set aside or a new trial granted."

Errors arising in the course of the trial or proceeding may be reviewed upon appeal from the order directing a peremptory mandamus, which is the final judgment in the proceeding.

We think, however, that the court below erred in granting the extra allowance. There does not seem to be any provision of law which authorizes the granting of any such allowance.

The order appealed from should be modified so far as to strike out the provision for an allowance, and as modified affirmed, with costs and disbursements to be taxed. All concur.