THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES M. BOYD, Respondent, *v.* JOHN C. HERTLE and EDWARD OWEN, Commissioners of Accounts of the City of New York, Appellants. ·

*Verdict of a jury in mandamus proceedings, conclusive — errors, how reviewed — no extra allowance can be granted — allegation in an alternative writ that the relator is a " regular clerk " is sufficient — civil service rules of New York city.*

The verdict of a jury upon an issue of fact raised by an alternative writ of mandamus and the return thereto is conclusive upon the court unless it is set aside or a new trial is granted.

Errors committed during the course of the trial or proceeding may be reviewed upon an appeal from an order directing that a peremptory writ of mandamus issue.

The court has no power to grant an extra allowance in a proceeding, instituted by an alternative writ of mandamus, to compel the reinstatement of the relator in a position in the civil service of the city of New York from which he has been wrongfully removed.

An allegation in an alternative writ to the effect that the relator was a regular clerk," although unaccompanied by any statement of evidential facts showing him to be such, is sufficient to bring the case within the restriction of section 1543 of the charter of the city of New York (Laws of 1897, chap. 378) which provides that " no regular clerk or head of a bureau shall be removed until he has been allowed an opportunity of making an explanation."

The rule in this respect, where an application is made for a mandamus and denied, distinguished from the rule applicable where an alternative writ is issued and a return is made thereto. ·

The position of assistant examiner in the office of the commissioners of accounts in the city of New York is included in regulation IV of the civil service rules of that city, adopted pursuant to section 123 of the charter, which provides that " Schedule F shall include stenographers, typewriters and all classified positions not included in the foregoing schedules except laborers or day workmen," and is consequently within the protection of section 124 of that

First Department, January Term, 1900.          [Vol. 46.

act, providing that no removal from an office or employment within the scope of rules established as provided in that section shall be affected or influenced by any political or religious opinions or affiliations.

APPEAL by the defendants, John C. Hertle and another, commissioners of accounts of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of June, 1899, directing that a peremptory writ of mandamus issue requiring them to restore the relator to the position of assistant examiner in the office of the commissioners of accounts in the city of New York, and to audit his salary from the 19th day of March, 1898.

*Terence Farley*, for the appellants.

*Henry De Forest Baldwin*, for the respondent.

VAN BRUNT, P. J.:

We think that the order should be affirmed for the reasons stated by Mr. Justice SCOTT in his opinion in the court below.*

---

* The following is the opinion of Mr. Justice SCOTT in the court below:

SCOTT, J. :

The relator was, on January 21, 1895, duly appointed by the then commissioners of accounts of the former city of New York to the position of assistant examiner. He held this position until January 1, 1898, when the present city of New York came into existence. He was duly assigned, under the provisions of section 1536 of the Greater New York charter, to the office of the commissioners of accounts, provided for in said charter, and contined to hold the position of assistant examiner in said last-mentioned office until March 19, 1898, on which day the commissioners of accounts passed a resolution abolishing the position of assistant examiner, thereby in effect removing the relator and nine other persons who then held that position. On the same day five of the persons whose positions had been abolished were reappointed as examiners, and a few days later eighteen other persons were appointed examiners. The relator protested against his removal, and at length applied for a writ of mandamus to compel his reinstatement. The answering affidavits of the defendants raising certain questions of fact, an alternative writ was duly issued, to which the defendants made return, and the issues of fact raised by the writ and the return thereto have been tried before a jury. Upon the alternative mandamus and return and the verdict of the jury the relator now moves for a peremptory mandamus. By direction of the justice presiding, the jury found that the relator, on March 19, 1898, was a regular clerk in the office of the commissioners of accounts, and that the commissioners, on said March 19, 1898, removed him without affording him an opportunity of making an explanation or defense. The jury further found, upon a submis-

It is, however, necessary to call attention to the statement contained in his opinion that the findings of the jury upon questions submitted to them in a proceeding for mandamus are not conclusive upon the court at Special Term. This view, in respect to the verdict of a jury in such proceedings, is erroneous, as was shown in the case of *The People ex rel. Coveney* v. *Kearny* (44 App. Div.

sion of the questions to them upon the evidence: (1) That the commissioners, under the pretense of abolishing the relator's office, discharged him; (2) that the commissioners appointed another person under the designation of examiner to perform the duties formerly performed by the relator; (3) that the relator's removal was an excuse or pretense for appointing another person in his place; (4) that the relator was removed on account of his political affiliations. The findings of the jury upon the questions submitted to them are not conclusive upon the court at Special Term, and it has, therefore, been necessary to examine the transcript of the testimony taken upon the trial of the issues of fact. After a careful examination I am convinced not only that the findings were abundantly justified by the evidence, but that the jury could not well have come to any different conclusions. It is urged, however, on the part of the defendants, that it does not sufficiently appear by the alternative mandamus or the return thereto, that the relator, at the time of his removal, was a regular clerk, and I am referred to the case of *People ex rel. Warschauer* v. *Dalton* (34 App. Div. 302; affd., 159 N. Y. 235). In that case the relator had held the position of "inspector of water supply to shipping in the department of water supply," and contented himself with stating in his petition that his position was that of a regular clerk, without stating the facts upon which he based his conclusion. As to this, the Appellate Division said that the relator's mere characterization of the inspectorship as that of a regular clerk was but a part of the petitioner's general conclusion from certain facts precedently stated, and was in no just sense the statement of an independent fact. The court further said: "Whether the relator is or is not a regular clerk depends upon the nature of his duties. These duties are not here disclosed, and in the absence of a distinct statement on that head, the relator's conclusion that the duties of an inspector of water supply to shipping are those of a regular clerk cannot well be sustained." Upon this point the reasoning of the Appellate Division was adopted by the Court of Appeals. The relator in the present case was more specific in his petition. He states that his duties consisted mainly in checking entries in the books and accounts of the several departments examined, and in preparing for the examiner in charge tabulations and digests of the records and accounts examined to be included by him in reports to the commissioners, and that for a portion of the time he held the position of assistant examiner; a part of his duty was to keep a transcript of the ledger of the city chamberlain. These duties are distinctly clerical in their nature, and it is not suggested that the relator ever performed or was required to perform any duties except such as were clerical. In this respect, therefore, the *Warschauer* case differs from the present. It differs even

449), recently decided by this court, in which it was held that " as an issue of fact joined upon an alternative writ of mandamus must be tried by a jury as if it was an issue joined in an action where a party had a right to trial by jury, its effect, we think, must be the same as the verdict of a jury in such an action and binding upon the court hearing the application for a final order, unless the ver-

more widely, however, in the manner in which the question is raised. In the *Warschauer* case the relator moved at Special Term for a mandamus, and his motion was denied. It does not appear that an alternative mandamus was issued and a return made thereto, but apparently the motion was decided adversely to the applicant upon a petition and affidavits. Upon such a motion the relator must show to the satisfaction of the court the evidential facts establishing the proposition that his position was that of a regular clerk. In the present case, however, an alternative mandamus was issued and a return made thereto; these became the pleadings in the cause (Code Civ. Proc. § 2082), and treating the writ as a pleading, it was not necessary to do more than was done in the present case, which was to allege generally that the relator held a position which was that of a regular clerk, for in an alternative writ, as in any other pleading, only the ultimate facts need be pleaded, and not the evidence which establishes them. The fact that the relator was a regular clerk having been thus properly pleaded in the mandamus, should have been denied by the return if it was intended to raise any issue in respect thereto. It was not denied, and thus stood on the record as admitted. Hence, it appears that in his petition the relator stated facts tending to show that his position was a clerical one; in the alternative mandamus it is sufficiently alleged that he was a regular clerk; this allegation is not put in issue by the return, and, if anything more were needed to sustain the direction of the court as to the verdict upon this point, the evidence clearly shows that the relator's duties were solely clerical in their nature. If, therefore, section 1543 of the Greater New York charter (Laws of 1897, chap. 378), providing that no "regular clerk or head of a bureau shall be removed until he has been allowed an opportunity of making an explanation," is applicable, the relator's removal was illegal.

There is, however, another ground upon which the removal must be held to have been illegal. Section 124 of the Greater New York charter provides that no removal from an office or employment within the scope of the rules established as provided by that section shall be in any manner affected or influenced by political or religious opinions or affiliations. The jury have found, upon evidence that justified their verdict, that the relator was removed on account of his political affiliations. If, therefore, his position was within the scope of the rules referred to in section 124, his removal was violative of that section and illegal. Section 123 of the charter requires the civil service commissioners to prescribe and amend, subject to the approval of the mayor, and to enforce, regulations for appointment to and promotions in the civil service, and for classifications and examinations therein. Such regulations were approved by the mayor and promul-

dict is set aside or a new trial granted." Errors arising in the course of the trial or proceeding may be reviewed upon appeal from the order directing a peremptory mandamus, which is the final judgment in the proceeding.

We think, however, that the court below erred in granting the extra allowance. There does not seem to be any provision of law which authorizes the granting of any such allowance.

---

gated on March 5, 1898, prior to the removal of the relator. In the classification then adopted of the positions in the office of the commissioners of accounts no mention is made, by name, of the position of assistant examiner, although that position, under that name, then existed in the office. Among the schedules of positions was one known as Schedule F, the positions in which were subject to competitive examination. One of the regulations approved by the mayor, and promulgated by the civil service commissioners, known as Regulation IV, provided that "Schedule F shall include stenographers, typewriters and all classified positions not included in the foregoing schedules except laborers or day workmen." Unless the position of assistant examiner was, by virtue of this regulation, included in Schedule F, it was not classified at all. If it was so included the persons holding it were protected against removal by reason of their political affiliations. Section 124 of the charter provides that the regulations to be adopted as prescribed in section 123 shall, among other things, provide "For the classifications of the offices, places and employments in the civil service of the said city." This clearly meant that all the offices, places and employments in the civil service of the city should be classified and put in one schedule or another. It could not mean, and could not well be understood as meaning, that the commissioners might classify only such places and offices as they chose, leaving a portion unclassified and, therefore, unaffected by the stringent provisions of the charter. The obvious and natural construction of Regulation IV, above quoted, was to place in Schedule F, subject to competitive examination, all the positions and places not specifically and by name included in any other schedule, or, in other words, to include in Schedule F all places and positions subject to classification and not classified elsewhere. It is only by placing this construction upon Regulation IV that the classification can be held to be, as it was unquestionably intended to be, conformable to the requirements of the charter. The omission to include the assistant examiners in any schedule by name did not operate to take them out of the classified service altogether, for that would have been contrary to the statute; nor did it operate to abolish their offices, for neither the civil service commissioners nor the mayor had power, by their regulations, to create or abolish offices, but merely to classify those which already existed, or might thereafter be created by proper authority. The position of assistant examiner held by relator, therefore, fell within the scope of the civil service regulations, and it was unlawful to remove him on account of his political affiliations. Upon the facts as found by the jury the relator is entitled to a writ of peremptory mandamus. (*People ex rel. Hart* v. *La Grange,* 7 App. Div. 311.)

The order appealed from should be modified so far as to strike out the provision for an allowance, and as modified affirmed, with costs and disbursements to be taxed.

RUMSEY, O'BRIEN and INGRAHAM, JJ., concurred.

Order modified so far as to strike out the provision for an allowance, and as modified affirmed, with costs and disbursements to be taxed.