(88 App. Div. 583.)

PEOPLE ex rel. HATCH v. LANTRY, Com'r of Corrections.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. MANDAMUS TO CITY OFFICER—ABATEMENT.
    Code Civ. Proc., § 1930, providing that, in special proceedings against officers, the court must substitute the successor in office in place of a person made a party in his official capacity, who has ceased to hold office, being applicable only to sections 1926 and 1927, providing for actions by officers to enforce a liability enacted or a duty enjoined by law, and for actions or special proceedings against designated officers on any cause of action accruing against them, or which has accrued against their predecessors, or on a contract made by their predecessors in their official capacity, does not prevent the abatement of a writ of mandamus brought by an employé of a city, or procure his reinstatement by the head of the department after an alleged unlawful removal on the head of the department going out of office.

2. SAME.
    At common law an application for a mandamus against a public official abates on his retirement from office, and his successor cannot be brought in by way of an amendment to the proceeding, or by an order for the substitution of parties.

3. SAME.
    Code Civ. Proc. § 756, providing that, in case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred, or on whom the liability is devolved, to be substituted in the action, and section 1997, declaring that the provisions of the Code relating to amendments, motions, and intermediate orders in an action are applicable to similar acts in special proceedings, except where

---

¶ 2. See Mandamus, vol. 33, Cent. Dig. § 52.

special provision is otherwise made, or where the proceeding is repugnant to the object or mode of the procedure, do not justify the continuance of a writ of mandamus against the successor of defendant, a head of a city department, brought by an employé of a city to procure his reinstatement by the head of the department after an alleged unlawful removal.

Appeal from Special Term, New York County.

Application by the people, on the relation of William L. Hatch, for a writ of mandamus against Francis J. Lantry, as commissioner of corrections of the city of New York. From an order (82 N. Y. Supp. 261) substituting as defendant in the proceeding Thomas W. Hynes, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant.

Thomas F. Keogh, for respondent.

INGRAHAM, J. The relator, a veteran of the Civil War, was prior to January 1, 1898, employed as supervising engineer in the department of charities and corrections. The charter of the city of New York (chapter 378, of the Laws of 1897) created two departments—one, the department of charity; and the other, the department of corrections. The relator was appointed supervising engineer in the department of corrections, and the defendant was appointed as the head of that department. On the 7th of February, 1898, the department abolished the position held by the relator, and discharged the relator, whereupon this proceeding was commenced for his reinstatement, an alternative writ of mandamus was issued, and on the 10th day of May, 1899, the defendant filed his return thereto. Nothing further was done in the proceeding until the 10th of November, 1902, when a new attorney for the relator was substituted. On February 21, 1903, an order to show cause why the alternative writ should not be amended by substituting Thomas W. Hynes in place of the defendant was obtained, upon an affidavit which stated that since the return was filed the defendant had ceased to be commissioner of corrections, and that Thomas W. Hynes had been duly appointed as the successor in said office of Francis J. Lantry, the defendant; that, under a recent decision of the Court of Appeals (People ex rel. Broderick v. Morton, 156 N. Y. 136, 50 N. E. 791, 41 L. R. A. 231, 66 Am. St. Rep. 547; a case decided in June, 1898, before this proceeding was commenced), it would seem to be necessary to substitute Thomas W. Hynes, the present commissioner of corrections, for Francis J. Lantry, commissioner; and that the relator and his attorneys were ignorant of this decision until about a week before the order to show cause was obtained. Upon the return of the order to show cause, the application was granted, and it was ordered that Thomas W. Hynes, as commissioner of corrections of the city of New York, "be, and he hereby is, substituted as defendant herein in the place and stead of Francis J. Lantry as said commissioner," and that this proceeding "retain its place upon the preferred calendar of this court, which it occupied before the

granting of this motion, and that the proceedings had upon the alternative writ of mandamus herein as amended shall not affect the place of this cause upon the said calendar, or render necessary the service of a new notice of trial"; and from this order Thomas W. Hynes, as commissioner of corrections of the city of New York, appeals to this court.

The case of People ex rel. Broderick v. Morton, 156 N. Y. 136, 50 N. E. 791, 41 L. R. A. 231, 66 Am. St. Rep. 547, was a proceeding by a veteran to compel the trustees of public buildings consisting of the Governor, Lieutenant Governor, and the Speaker of the Assembly, to reinstate the relator in his employment as laborer in the Capitol building in the city of Albany. It appeared that, at the time the relator procured the alternative writ, the defendants occupied those positions in the state government; that the Special Term denied the motion for a mandamus, which, upon appeal, was reversed, and a peremptory writ issued; that, at the time the Appellate Division reversed the order of the Special Term, the defendants in the proceeding had ceased to be officers, but the writ was ordered to issue to the Governor, Lieutenant Governor, and Speaker then in office, who were the successors of those then in office at the time the alternative writ was issued. It was held that the delinquency charged was personal, and did not involve a charge against the state; that, in cases in which the delinquency charged is personal, the petition for a writ of mandamus abates upon the death, resignation, or termination of the office of the official charged, unless it is preserved by statute. Attention is then called to section 1930 of the Code of Civil Procedure, which provides that:

"In such an action or special proceeding, the court must, in a proper case, substitute a successor in office, in place of the person made a party in his official capacity, who has died or ceased to hold office; but such a successor shall not be substituted as a defendant, without his consent, unless at least fourteen days' notice of the application for the substitution has been personally served upon him."

This section applies to actions or special proceedings brought pursuant to sections 1926 and 1927 of the Code. Section 1926 provides only for actions by certain specified officers to enforce a liability created or a duty enjoined by law upon those officers, or the body represented by them; and section 1927 provides that an action or special proceeding may be maintained against any of the officers specified in the last section, "upon any cause of action, which accrues against them or has accrued against their predecessors, or upon a contract made by their predecessors in their official capacity and within the scope of their authority." Neither of these sections applies to such a proceeding as was here instituted.

Section 755 of the Code provides that a special proceeding does not abate by any event if the right to the relief sought in such special proceeding survives or continues. But this provision as to a special proceeding applies only in cases where a party dies after this act takes effect; and it is insisted, therefore, by the defendant, that there is no authority for the substitution of the successor in office of a public official who is charged with a personal delinquency,

where, before final order is entered, the defendant has ceased to be an official with authority to obey the mandate of the writ. It is not alleged that the original defendant against whom the alternative writ was issued was dead, and therefore section 755 of the Code did not apply. People ex rel. Broderick v. Morton, supra.

It is also apparent that, for the reasons before stated, section 1930 does not apply, as this is not a proceeding specified in that section, nor against an officer therein specified. Section 1930 of the Code refers only to an action or special proceeding specified in sections 1926 and 1927. In People ex rel. Melledy v. Shea, 73 App. Div. 232, 76 N. Y. Supp. 679, no question was presented as to the power of the court to issue a writ against the defendant after he had retired from office. The relator, however, seeks to sustain this order under section 1997 of the Code, which provides that the provisions of the Code "relating to amendments, motions and intermediate orders, in an action, are applicable to similar acts in such a special proceeding; except where special provision is otherwise made therein, or where the proceeding is repugnant to the object of the state writ, or the mode of procedure thereunder," and section 756 of the Code, which provides that, "in case of a transfer of interest or devolution of liability, the action may be continued, by or against the original party, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires." Counsel also cites section 723 of the Code, although it is not perceived that this section has any relation to the question now under discussion. It is not disputed but that at common law an application for a mandamus against a public official abates on his death or retirement from office, and that his successor in office cannot be brought in by way of an amendment of the proceeding, or by an order for the substitution of parties. United States ex rel. Bernardin v. Butterworth, 169 U. S. 600, 18 Sup. Ct. 441, 42 L. Ed. 873; United States v. Boutwell, 17 Wall. 604, 21 L. Ed. 721. And this view was adopted by this court in the case of People ex rel. Taylor v. Welde, 61 App. Div. 580, 70 N. Y. Supp. 869. It was there held that a mandamus proceeding instituted and pending against an individual who had ceased to hold a public office abated, and that a proceeding could not be instituted against his successor until a demand had been made, and refused, for the relief asked for by the writ. In that case Mr. Justice Patterson, writing the opinion of the court, says:

"No demand was made upon this respondent. He did no wrong personally to the relator, nor was he associated or in privity in any way with his predecessor. There was no personal default on his part, and he cannot be exposed to the consequences that would ensue from the granting of a peremptory writ because of a wrongful act of a person preceding him in office, when no opportunity whatever has been afforded him to rectify a wrong of which he is altogether innocent, and of the commission of which he had no cognizance. A demand made upon his predecessor would not suffice."

Under the statute for the protection of veterans in office, the act of a public official in removing a veteran is made a misdemeanor, and

certain penalties are imposed for a violation of the act by the officer, and a proceeding against such officer for a reinstatement is authorized. It is against the officer violating the law that the proceeding for reinstatement or to redress the wrong done to the veteran is authorized. Upon the removal from his position of the officer against whom the proceeding is instituted, his successor in office has committed no wrong; and, as we held in the case of People ex rel. Taylor v. Welde, supra, until a demand upon him has been made to redress the wrong committed by his predecessor, no proceeding against him can be maintained.

Section 756 of the Code provides that, in case of a transfer of interest or devolution of liability, the action may be continued by or against the original parties, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action. Here no liability has devolved upon the successor in office of the original defendant. If the relator is entitled to be reinstated, we cannot assume that the present commissioner of corrections would refuse to reinstate him upon a proper demand; and, until the present commissioner has refused to reinstate him, the relator has suffered no wrong for which he would be entitled to maintain this proceeding against the present commissioner.

As none of the provisions of the Code to which our attention has been called justified the continuance of the proceeding against the successor of a defendant against whom the proceeding was instituted, we think that the proceeding abated, and the remedy of a person illegally removed from office is to make a demand upon the successor of the officer who removed him, and, for a failure to comply with such a demand, institute a new proceeding for that purpose.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.