(99 App. Div. 88)

PEOPLE ex rel. LAZARUS v. COLEMAN et al., Board of Fire Com'rs.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. MUNICIPAL CORPORATIONS — FIRE COMMISSIONERS — MANDAMUS AGAINST BOARD—EXPIRATION OF MEMBER'S TERM—ABATEMENT OF PROCEEDINGS.

The board of fire commissioners of the city of Elmira being composed of the mayor of the city and two others, and on the expiration of a term of office the mayor, under Laws 1894, p. 1457, c. 615, appointing the successors, and the terms of office expiring at different times, it is a continuous body, and where, after mandamus to compel the board to restore relator to his position in the fire department, the term of one of the members expired, and his successor was appointed, such event did not abate the proceedings, but opportunity should be afforded relator to bring in the successor.

2. SAME—FIRE DEPARTMENT—DISCHARGE OF MEMBER—REINSTATEMENT—MANDAMUS.

Where the first assistant engineer of a municipal fire department was removed, and his office abolished, but at the same meeting of the fire commissioners another office was created, having the same duties, the change being merely colorable and for the purpose of depriving the engineer of his office, he was entitled to reinstatement.

3. SAME—ISSUES—TRIAL.

Where, in mandamus proceedings to compel the restoration of one to an office, the allegations of facts in the petition which show relator entitled to restoration are denied by the answering affidavits, an alternative writ should be issued, so as to try the issue of fact.

Appeal from Special Term, Chemung County.

Mandamus by the people, on the relation of Elijah Lazarus, to compel William T. Coleman and others, constituting the board of fire commissioners of the city of Elmira, to restore relator to duty and reinstate him in his position as first assistant engineer of the fire department. From a judgment denying the application, relator appeals. Reversed, and alternative writ granted.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. H. Rockwell, for appellant.

Richard H. Thurston, for respondents.

CHESTER, J. Before considering this appeal, we must determine a motion made by the respondents to dismiss it. The grounds of the motion are that La France, one of the respondents, has ceased to be a fire commissioner of the city of Elmira; that no demand for the relief sought has been made of Smith, who has been appointed fire commissioner in place of La France; and that there has been no change of parties. It is claimed that the proceeding has abated by reason of this change in the personnel of the board of fire commissioners. While the proceeding is, in form, against the individuals constituting the board, it is really against the board itself; and the relief sought is a writ commanding the board to restore the relator to duty, and reinstate him in his position as first assistant engineer of the fire department, from which he claims to have been unlawfully removed. The board of fire commissioners is composed of the mayor of the city and two other persons. The term of office is two years. Upon the expiration of a term of office, or within 20 days prior thereto, the mayor, by and with the consent of the common council, appoints the successor. Laws 1894, pp. 1456, 1457, c. 615, §§ 160, 161. The terms of office expire at different times. It is therefore a continuing body, and a writ of mandamus running against the board to reinstate the relator would be effective to accomplish that result, whether the board was composed of the same persons who passed the resolution resulting in his dismissal, or not. If the writ may operate upon the board itself, instead of upon the individuals composing it, the fact that the term of office of one out of three of such individuals has expired, and another person has been chosen to fill his place, should not result in the abatement of a proceeding to obtain such writ.

In People ex rel. Wooster v. Mahar, 64 Hun, 408, 19 N. Y. Supp. 758, the General Term in this department upheld the granting of a writ of mandamus against the mayor of the city of Albany after the term of office of the defendant Mahar, the mayor in office at the time of the commencement of the proceeding, had expired, and his successor had assumed the duties of the office. The decision was

put upon the ground that the duty sought to be enforced was a public duty, which was continuous, and could be performed by the successor in office of the one whose duty it was in the first instance to fulfill it. This principle was also held with respect to commissioners of highways in towns in People ex rel. Shant v. Champion, 16 Johns. 61, and in People ex rel. Case v. Collins, 19 Wend. 56. The same principle was also held in Thompson v. United States, 103 U. S. 480, 26 L. Ed. 521, where it was said:

"We cannot accede to the proposition that proceedings in mandamus abate by the expiration of the term of office of the defendant, where, as in this case, there is a continuing duty irrespective of the incumbent, and the proceeding is undertaken to enforce an obligation of the corporation or municipality to which the office is attached. * * * The proceeding may be commenced with one set of officers, and terminate with another, the latter being bound by the judgment."

The respondents cite, in support of their motion to dismiss, the cases of People ex rel. Broderick v. Morton, 156 N. Y. 136, 50 N. E. 791, 41 L. R. A. 231, 66 Am. St. Rep. 547, and People ex rel. Hatch v. Lantry, 88 App. Div. 583, 85 N. Y. Supp. 193. The Broderick Case was an appeal from a final order of the Appellate Division reversing an order of the Special Term refusing a writ of mandamus, and granting a peremptory writ against Frank S. Black, Timothy E. Woodruff, James M. E. O'Grady, and Frederick P. Easton, commanding them, as trustees and superintendent of public buildings, to reinstate the relator in his employment as laborer in the capitol building. The proceeding was commenced against Morton, Saxton, and Fish as trustees, and Easton as superintendent of public buildings, when Morton was Governor, Saxton Lieutenant-Governor, and Fish Speaker of the Assembly; and the Appellate Division granted the writ, to run against their respective successors in office. The order granting the writ was reversed by the Court of Appeals. The Hatch Case was one against the commissioner of correction in the city of New York to secure the reinstatement of the relator in the department of correction, from which he claimed to have been unlawfully removed, and where, following the Broderick Case, it was held that the proceeding abated upon the defendant ceasing to be such commissioner, and the appointment of his successor. Both Broderick and Hatch, the relators in the two cases referred to, were veterans of the Civil War, and the cases arose under the acts protecting such veterans from wrongful removal from the public service. Chapter 312, p. 377, Laws 1884, as amended by chapter 716, p. 1797, Laws 1894. In the opinion of the court in the Broderick Case it is said:

"The act charged against the former officials was a misdemeanor, and punishable as such, and they were liable individually in damages to the party aggrieved. The delinquency charged is personal, and does not involve a charge against the state. * * * In cases in which the delinquency charge is personal, the petition for a writ of mandamus abates upon the death, resignation, or termination of office of the official charged, unless it is preserved by statute."

The relator in the case at bar is not a veteran, and, if he was unlawfully removed, it was because the reasons for his removal

were not stated in writing and filed, and he given an opportunity to make an explanation, as required by the civil service rules of the city of Elmira. No authority is cited making such removal a misdemeanor, or giving the relator a right of action for damages therefor against the persons removing him. More than this, there has here been but one change in a board consisting of three members. A majority of the members composing the board when the removal was made still remain members of it, and in such a case the proceeding should not be held to have abated, but opportunity should be afforded to the appellant, if he shall be so advised, to make a motion to bring in as a party the successor to the defendant whose term of office has expired. The motion to dismiss the appeal should therefore be denied.

The relator was removed from his position of first assistant engineer in the Elmira fire department February 1, 1904, by the board of fire commissioners of that city, without any charges of inefficiency or incompetence being made against him; nor does it appear that any reasons for his dismissal were stated in writing or filed, or that he was given an opportunity to make an explanation. He applied to the court at Special Term for a peremptory writ of mandamus, requiring such board to restore him to duty and reinstate him as such engineer, and for such other relief as may be just. From an order denying his application, this appeal is taken. In his petition he alleges his appointment as a member of the fire department pursuant to the civil service law and rules, after a competitive examination thereunder; that he was thereafter promoted to foreman, after a like examination, and, as such, was designated by the board as first assistant engineer; and that on the 25th day of January, 1904, he was served with a notice, signed by the city clerk, that he was "discharged from the Elmira Fire Department, to take effect at the close of your (his) duties on January 31, 1904, in accordance with the following resolution duly passed at a meeting of the fire commissioners held January 22, 1904: '* * * Resolved, that on and after February 1, 1904, the following offices, to wit, first assistant engineer and fifth assistant engineer, be and the same are hereby abolished.'" It also appears that, in addition to such resolution, the board of fire commissioners at such meeting passed resolutions changing the designation of second, third, and fourth assistant engineers to captains, and establishing the offices of first district chief and second district chief. The relator further alleges in his petition that:

"Such changes as were made by the foregoing resolutions were not in the interest of economy, for the reason that the number of officers in said department were not reduced in number, and the amount of salary or wages was increased in its aggregate amount over that then existing; that said removal was not made in good faith, but was merely colorable, and made for the purpose of effecting the discharge of your petitioner by indirect means, and in violation of the law and of civil service rules, because of his political faith and affiliations; that the duties prescribed for the office attempted to be created by such resolution, to wit, first district chief, are substantially the same as the duties which were discharged by your petitioner as first assistant engineer."

If these allegations are true, the relator has been unlawfully removed, and is entitled to be reinstated in his position. People ex rel. Hart v. La Grange, 7 App. Div. 311, 40 N. Y. Supp. 1026; People ex rel. Boyd v. Hertle, 28 Misc. Rep. 37, 60 N. Y. Supp. 23, affirmed 46 App. Div. 505, 60 N. Y. Supp. 23, 61 N. Y. Supp. 965; People ex rel. Gildersleeve v. Dalton, 44 App. Div. 556, 60 N. Y. Supp. 909.

But the allegations referred to, except the one that the changes were not in the interest of economy, were denied in the answering affidavits. Thus there was presented an issue of fact for trial, preliminary to the determination of the question as to whether the relator was or was not entitled to a peremptory writ; and, instead of denying the application, an alternative writ should have been allowed. Code Civ. Proc. § 2070; People v. R., W. & O. R. R. Co., 103 N. Y. 95, 8 N. E. 369; People ex rel. Del Mar v. St. L. & S. F. R. Co., 47 Hun, 543.

The order appealed from should be reversed, with $10 costs and disbursements, and an alternative writ of mandamus granted. All concur.