PEOPLE ex rel. WALKER v. AHEARN.

(Supreme Court, Special Term, New York County. October, 1909.)

1. MANDAMUS (§ 177*)—FALSE RETURN—DAMAGES—ASSESSMENT.

Code Civ. Proc. § 2088, provides that the court, on making a final order for a peremptory mandamus, must also, if relator so elects, award him, against respondent, the same damages for a false return, if any, which he might recover in an action, and that he may require assessment of his damages on the trial of an issue of fact, if the verdict, report, or decision is in his favor. *Held*, that its obvious purpose was to permit recovery of damages in the proceedings for the writ, and to provide a speedy method of assessment by avoiding circuity of action.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 395; Dec. Dig. § 177.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MANDAMUS (§ 177*)—RECOVERY OF DAMAGES—EMOLUMENTS OF OFFICE.
   The emoluments of office, of which one is deprived by his unlawful removal, constitute a proper element of damages.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 395; Dec. Dig. § 177.*]

3. MANDAMUS (§ 177*)—RECOVERY OF DAMAGES—PERSONAL JUDGMENT.
   Judgment in mandamus for damages suffered by relator by his unlawful removal from office is properly directed against respondent personally.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 395; Dec. Dig. § 177.*]

4. MANDAMUS (§ 177*)—RECOVERY OF DAMAGES—AMOUNT.
   Where relator, seeking restoration to an office from which he was removed, relinquished a part of his claim against his successor for salary paid the latter, thus ostensibly depriving respondent of the right of subrogation to sue therefor, it would seem to be inequitable to award relator as damages the full amount of salary of which he was deprived by his expulsion.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 395; Dec. Dig. § 177.*]

5. MANDAMUS (§ 174*)—TRIAL—FINDINGS BY JURY—EFFECT.
   A jury's findings of fact in mandamus proceedings are conclusive on the Special Term on the hearing of the application for a final order.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 387; Dec. Dig. § 174.*]

Mandamus by the People, on the relation of William H. Walker, against John F. Ahearn, as President of the Borough of Manhattan. On motion to vacate and set aside the judgment entered against defendant. Motion denied.

See, also, 129 App. Div. 912, 114 N. Y. Supp. 1142.

J. W. Brown, for plaintiff.

Francis K. Pendleton and Charles L. Hoffman, for defendant.

GREENBAUM, J. John F. Ahearn in his individual capacity moves to vacate and set aside the judgment heretofore entered against him in mandamus proceedings instituted against him as president of the borough of Manhattan, in so far as it directs a personal money judgment against him for damages, and to amend and resettle the final order in said proceedings, by making it a judgment against "John F. Ahearn, as president of the borough of Manhattan."

Section 2088 of the Code of Civil Procedure provides that:

"The court, upon making a final order for a peremptory mandamus, must also, if the relator so elects, award to the relator, against the defendant who made the return, the same damages, if any, which the relator might recover in an action against that defendant for a false return. The relator may require his damages to be assessed upon the trial of an issue of fact if the verdict, report or decision is in his favor."

The obvious purpose of the statute is to permit the recovery of damages in the proceedings for the writ and provide a speedy method for assessing the damages by avoiding circuity of action. People ex rel. Aspinwall v. Supervisors of Richmond County, 28 N. Y. 112; People v. Batchellor, 53 N. Y. 128, 13 Am. Rep. 480. It appears in this matter that upon the trial of the issues of fact presented by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

return the jury found, not only a verdict in favor of the relator upon the issues raised, but also a verdict assessing his damages in the sum of $11,042.16, being the amount of salary of which he was deprived since his removal from office by respondent, with interest thereon. This was subsequently reduced by consent of the parties to the sum of $10,723.30. Emoluments of office, of which one is deprived by his unlawful removal, constitute a proper element of damages. People ex rel. Aspinwall v. Supervisors of Richmond County, supra; Clark v. Miller, 54 N. Y. 528, 535.

The point urged by the respondent, that no judgment may be directed against him personally, is not well taken. People ex rel. Taylor v. Welde, as Com'r, 61 App. Div. 580, 70 N. Y. Supp. 869, is authority against the respondent's contention, and the following excerpt from the opinion in the case of United States v. Boutwell, 17 Wall. 604, 21 L. Ed. 721, cited in the Taylor Case, supra, may not be inappropriate:

"The office of the writ of mandamus is to compel the performance of a duty resting upon a person to whom it is addressed. If he be an officer, and the duty be an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience. The writ does not reach the office. It cannot be directed to it. It is therefore in substance a personal action, as it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which the relator has a clear right."

See, also, People ex rel. Hatch v. Lantry, etc., 88 App. Div. 587, 85 N. Y. Supp. 193; People ex rel. Crummey v. Palmer, 9 App. Div. 60, 41 N. Y. Supp. 81.

It appears, however, from the affidavits upon this motion (and the facts are not disputed), that the relator for a valuable consideration stipulated with John R. Voorhees, who succeeded him in the position of superintendent of public buildings, from which he had been removed, that no claim would be made against Voorhees for the amount received by him as salary up to the time of the making of the stipulation, amounting to about $3,000. It also appears that there is now in the treasury of the city of New York approximately the sum of $7,-500 held up for the payment of the salary due the incumbent of the office of superintendent of the bureau of public buildings and offices. The assessment of the damages on the face of the findings of the jury submitted to me was based upon the salary of which relator had been deprived by reason of his expulsion from office. It would seem to be inequitable to award damages for the full amount assessed by the jury, when it now appears to be conceded that as to $3,000 relator had relinquished his claim against Voorhees, from whom alone he would have been entitled to recover that sum, thus ostensibly depriving the respondent of the right of subrogation to sue Voorhees.

But it seems to me that I am powerless upon this motion to relieve the respondent. The findings of fact of the jury are conclusive upon the Special Term upon the hearing of the application for a final order. People ex rel. Boyd v. Hertle, 46 App. Div. 505, 60 N. Y. Supp. 23, 61 N. Y. Supp. 965; People ex rel. Coveney v. Kearny, 44 App. Div. 449, 61 N. Y. Supp. 41. The respondent either should have presented before the jury evidence of the release of Voorhees, or, if

it was a proper case so to do, he might have moved to set aside the verdict in respect of the damages upon the ground of newly discovered evidence. If the record of the jury trial will permit him to show that an erroneous rule of damages was adopted, his remedy will be by appeal from the final order directing the peremptory mandamus.

As to the point raised by the respondent that he was not represented by personal counsel in the mandamus proceeding, it seems to me unnecessary to determine whether or not he was privileged to have personal counsel. If he was entitled to be represented by personal counsel, instead of the corporation counsel, he should heretofore have taken steps in that direction.

The motion must be denied.