In the Matter of the Application of TIMOTHY F. CARROLL, Petitioner, for a Mandamus Order against TIMOTHY MURRAY, Commissioner of Assessment and Taxation in the City of Yonkers, Respondent.*

Supreme Court, Westchester County, June 1, 1927.

**Public officers — removal from office — peremptory order of mandamus directing petitioner's reinstatement — subsequent to issuance of alternative order of mandamus petitioner was successful upon jury trial of issue that removal was caused for political reasons — verdict is binding on court — respondent's contention that petitioner was removable with or without cause is without merit where petitioner was placed in competitive class by municipal civil service commission five years prior to his removal — action of said commission conclusive.**

Petitioner who, subsequent to the issuance of an alternative order of mandamus directing his reinstatement to the position of deputy assessor in the department of assessment and taxation of the city of Yonkers, was successful upon a jury trial of the issues of fact, is now entitled to a peremptory final order of mandamus reinstating him, since the verdict in his favor upon the issue as to his removal for political reasons is binding upon the court.

There is no merit in respondent's contention that petitioner was removable with or without cause at pleasure, since the conceded action of the municipal civil service commission in placing petitioner in the competitive class five years prior to his removal is conclusive in this proceeding.

Moreover, the respondent under the circumstances will be deemed estopped from raising the question of the propriety of the classification in view of his consistent recognition of the classification for a period of years.

Motion by petitioner for a peremptory final order of mandamus, directing respondent to reinstate him in the position of deputy assessor in the department of assessment and taxation in the city of Yonkers, and motion by respondent to dismiss the alternative order.

*Harry J. Laragh,* for the petitioner.

*Arthur C. Hume,* Corporation Counsel [*Joseph W. Bryan* of counsel], for the defendant.

Taylor, J. The petitioner, subsequent to the issuance of the alternative order herein, was successful upon a jury trial of the issues of fact. He now moves for a peremptory final order of mandamus, directing the respondent to reinstate him in the position of deputy assessor in the department of assessment and taxation in the city of Yonkers. In the notice of motion he also asked for certain incidental and consequential relief, which last-mentioned request was withdrawn upon the argument. The respondent moves to dismiss the alternative order.

The verdict in petitioner's favor upon the issue as to his removal from office by the respondent for political reasons is binding upon the court at Special Term. (*People ex rel. McDonald* v. *Clausen,* 163 N. Y. 523, 524; Civ. Prac. Act, § 1333; Code Civ. Proc. § 2083; *People ex rel. Coveney* v. *Kearny,* 44 App. Div. 449; affd., 161 N. Y. 648; *People ex rel. Boyd* v. *Hertle,* 46 App. Div. 505; *People ex rel. Walker* v. *Ahearn,* 121 N. Y. Supp. 819; *People ex rel. Nason* v. *Feitner,* 58 App. Div. 594.) The trial justice denied a motion to set aside the verdict. If errors of law or fact exist in the proceedings resulting in the verdict — and presumptively there are none — such errors must be corrected upon a proper appeal from the final order to be entered herein. (*People ex rel. Boyd* v. *Hertle, supra; People ex rel. Walker* v. *Ahearn, supra.*)

The respondent's separate motion aforesaid is made upon the ground indicated in the assistant corporation counsel's moving affidavit, wherein he, in effect, states as his opinion, " from his recollection of the evidence upon the trial of said alternative order that it can be said as a matter of law that the position occupied by the petitioner * * * as deputy assessor * * * was in fact and law a confidential position, and as such was not a position that could be classified by the municipal civil service * * * in the classified civil service."

Therefrom he argues that the petitioner was removable, with or without cause, at the respondent's pleasure. There is no merit in this contention, which, however, is presented with characteristic

Misc. 577]                    Supreme Court, June, 1927.

zeal and earnestness; for the conceded action of the municipal civil service commission, in placing the petitioner in the competitive class about five years before his removal by the respondent, is conclusive in this proceeding. The determination of the commission has never been made the subject of appropriate limited judicial review by mandamus. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Simons* v. *McGuire,* 204 id. 253.)

Apparently, until the respondent amended his return herein, the classification was never questioned by the respondent, who acquiesced in the petitioner's classification in the competitive class, in accordance with the commission's determination. The respondent, under such circumstances, may well be deemed estopped from raising the question of the propriety of the classification now, in view of the respondent's consistent recognition of the classification for a number of years. I overrule the contention that petitioner was removable at the pleasure of the respondent. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Simons* v. *McGuire,* 204 id. 253.)

In the latter case Judge WERNER commented upon the fact that the Court of Appeals had retracted its earlier views relating to the propriety of certiorari in such cases (*People ex rel. Sims* v. *Collier,* 175 N. Y. 196), and held (204 N. Y. 257): " That the determination of a civil service commission in classifying positions in the public service, although involving the exercise of judgment and discretion, is more of a legislative or executive character than judicial or *quasi* judicial."

Judge WERNER added (204 N. Y. 257): " The result of this conclusion in the *Schau Case* [185 N. Y. 92] is that the action of the civil service commissioners, in making classifications, is subject to a judicial control *that is limited to such questions as may properly be reviewed in proceedings instituted by writ of mandamus.*" (Italics mine.)

Further Judge WERNER says (204 N. Y. 257): " The illustrations given by Chief Judge CULLEN in that case [*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92] clearly indicate the restricted range of review under the present rules: ' If the position is clearly one properly subject to competitive examination, the commissioners may be compelled to so classify it. On the other hand, if the position be by statute or from its nature exempt from examination and the action of the commission be palpably illegal, the commission may be compelled to strike the position from the competitive or examination class, though in such case redress by mandamus would often be unnecessary, as a valid appointment could be made notwithstanding the classification. *But where the position is one,*

Surrogate's Court, Orange County, January, 1928.          [Vol. 131

*as to the proper mode of filling which there is a fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classification.'* (P. 99.) "

In the instant case, the action of the commission was never challenged by any one invoking the court's limited control over the commission by mandamus, which, in accordance with the views of Judges CULLEN and WERNER, as above set forth, is the only way in which the commission's determination may be reviewed. Therefore, the classification stands; hence the respondent is now in no position to make a successful attack upon it.

Indeed, even if we assume — as I think we may not — that the charter provision under which the department of assessment and taxation in Yonkers exists (Laws of 1921, chap. 543), makes the petitioner's office of deputy assessor one which the petitioner may hold only at the will and pleasure of the respondent, nevertheless, the commission's classification, never judicially overruled, is conclusive as to the status of the petitioner. (*People ex rel. Garrity* v. *Walsh,* 181 App. Div. 118.)

The application of the respondent for the dismissal of the alternative order of mandamus is denied, without costs; the application of the petitioner for a final peremptory order of mandamus, directing his reinstatement by the respondent, as prayed for, is granted, with costs. The request for additional relief to the petitioner was withdrawn upon the argument and in the briefs. While the petitioner holds the office, he is entitled to his salary as an incident thereto. Settle orders on one day's notice before me at Mt. Vernon.