HON. NORMAN KELLAR Town Attorney, New Paltz
We acknowledge receipt of your letter in which you state that in your town there is the office of appointed assessor, the incumbent of which has a term which will soon expire. You also state that the assessor has requested the town board that he be granted a 90 day leave of absence and that the town board create the office of acting assessor under the authority of Real Property Tax Law § 1522, subdivision 5, so that the work of the office may be continued during the assessor's leave of absence. You inquire whether the town board may grant the assessor a 90 day leave of absence; whether the town board may provide that such leave will be without pay; whether the town board may refuse to grant a leave of absence; whether if the town board creates the position of acting assessor, the town board can limit the term of the acting assessor to the period of the leave of absence which has been requested by the assessor; and whether if an acting assessor is appointed and a vacancy occurs in the position of assessor, the town board would be free to appoint as assessor any duly qualified person or whether it must appoint the acting assessor to the office of assessor.
The town assessor is a town officer. Prior to the enactment of Chapter 784 of the Laws of 1952, it was the law in this State that a municipal officer could take a leave of absence and continue to receive the salary attaching to the office (O'Leary
v. Board of Education, 93 N.Y. 1 [1883]; Fitzsimmons v. Cityof Brooklyn, 102 N.Y. 536 [1886]; Grieb v. City of Syracuse,94 App. Div. 133 at p. 136 [1904]; Matter of Carroll v.Murray, 131 Misc. 577 at p. 580 [1927]), but, of course, under some circumstances the resultant failure to perform the duties of the office might constitute grounds for removal. Chapter 784 of the Laws of 1952 repealed the then section 92 of the General Municipal Law and enacted a new section 92 in place thereof, which read as follows:
 "§ 92. Vacations, sick leaves and leaves of absence of officers and employees. The governing board of each municipality, including school districts, and of each civil or political division of the state, by local law, ordinance or resolution, may grant vacations, sick leaves and leaves of absence to its officers or employees with or without pay and adopt rules and regulations in relation thereto."
There have been several subsequent amendments to that section but for the purposes of this opinion there has been no substantial change.
In our opinion, the town board may, pursuant to the authority of General Municipal Law § 92, provide for vacations, sick leaves or leaves of absence of its officers and employees either with or without pay. Such action would be effective from the date the action is taken or specified but could not be retroactive.
In our opinion, an acting assessor serves at the pleasure of the assessor but the town board could eliminate the position of acting assessor when it is no longer desirable for the town to have an acting assessor.
In our opinion, an acting assessor has no legal claim to the office of assessor in the event of a vacancy occurring during the term of office of the assessor or upon the expiration of the term of office of the assessor.