The State, *ex rel.* Wick, *v.* Slick.

## No. 10,717.

## The State, ex rel. Wick, v. Slick.

MANDATE.—*Circuit Judge.*—*Bill of Exceptions.*—*Practice.*—Mandate will not be awarded to compel a judge to sign a bill of exceptions, who has not been requested to do so, though his predecessor has wrongfully refused.

SAME.—Where a judge whose term of office is about to expire refuses to sign a proper bill of exceptions presented in apt time, his successor may be promptly applied to by verified petition showing the facts, and it will be his duty to sign and file the bill, though the time limited for its presentation has expired by reason of the refusal of his predecessor—and then, if he refuse, he may be compelled by mandate to do so.

Petition for mandate.

*W. B. Hess* and *A. C. Capron,* for petitioner.

*H. Corbin* and *J. D. McLaren,* for defendant.

ELLIOTT, J.—The petition of the relator alleges that on the 37th day of the May term, 1882, of the Marshall Circuit Court, he obtained leave to file a bill of exceptions within one hundred days; that seven days before the expiration of that time the form of a bill was placed in the hands of the attorneys for the adverse party; that the form of the bill was, on the ninety-ninth day of the time granted, presented to the Honorable Sidney Keith, then the judge of the Marshall Circuit Court; that he refused to sign it for the sole reason that the writ of attachment, and the return of the sheriff thereon, were not copied into the bill at full length; the petition avers that the papers named were not copied, but that they were appropriately designated, and that the words " here insert " were written in the bill at the proper place; that the term of office of the judge above named has expired, and that he has been succeeded by the Honorable Jacob S. Slick. The prayer is that a mandate issue commanding the last named judge to sign the bill. It is the duty of a judge to sign a proper bill of exceptions, duly presented within the time allowed, although the proceedings which it recites took place during his predecessor's term of office. *Hedrick* v. *Hedrick,* 28 Ind. 291; *Smith* v. *Baugh,* 32 Ind. 163.

It was not necessary that the writ of attachment and re-

turn should have been copied into the bill, for the statute expressly provides that it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words "here insert." The bill presented to Judge Keith was, therefore, a proper one, and it was his duty to have signed it. In refusing to sign it he deprived the petitioner of a legal right, and had a mandate been applied for during Judge Keith's term of office it would have been awarded. We can not, however, award a writ against Judge Slick, for the reason that he has not been requested to act upon the bill. There does not appear to have been any failure or refusal on his part to perform his duty. An officer can not be proceeded against by mandate until there has been a failure or refusal to do what the law requires of him, and in this case Judge Slick has not been asked to sign the bill, and consequently has not had an opportunity of taking any action at all.

It was suggested in argument, that, unless we grant the prayer of the petition, we must hold that parties in cases such as this are without remedy, although they show a clear legal right; but we do not think this follows. One who tenders a proper and just bill within the time allowed, presents it in season to allow a fair examination, and, upon the refusal of the judge to sign it, proceeds with reasonable diligence, will not lose his rights because of the expiration of the term of office of the judge to whom the bill was presented. In such a case the party may, within a reasonable time, present to the successor of the judge to whom the bill was first presented a verified petition showing all the facts, and praying him to sign and seal the bill, and if, after notice and upon a hearing, the party is found entitled to the relief he seeks, it will be the duty of the judge to sign the bill and make it part of the record in such a manner as to make it available on appeal. If the judge to whom such a petition is presented should wrongfully refuse to sign the bill, then, upon a proper showing, mandate would issue commanding him to do it.

Writ refused, at costs of petitioner.