Smith v. The State.

No. 17,669.

SMITH v. THE STATE.

BILL OF EXCEPTIONS.—*Presenting Proper Bill Within Time Allowed.*—A party who prepares and presents to the judge a proper bill of exceptions within the time allowed, cannot be deprived of any rights thereunder by the failure or refusal of the judge to sign the same, if he take due measures to secure such rights.

APPELLATE PROCEDURE.—*Affidavit in Support of Motion for New Trial.*—The refusal to allow affidavits in support of or against a motion for a new trial to be presented and filed after argument and submission of the motion, cannot be reviewed on appeal in the absence of an abuse of the discretion of the trial court.

NEW TRIAL.—*Newly Discovered Evidence.*—A new trial will not be given for new evidence cumulative or impeaching in its nature, or where it would not probably change the result.

From the Pike Circuit Court.

F. B. Posey and D. Q. Chappell, for appellant.

W. A. Ketcham, Attorney-General, S. H. Spooner and M. Moores, for State.

HOWARD, J.—The appellant was indicted, tried and convicted on the charge of attempting to commit a felonious assault upon the prosecuting witness, by shooting at him with intent to kill. The punishment inflicted was imprisonment in the State's prison for two years, and a fine of one dollar. At the time of the commission of the alleged offense the appellant was in the eighteenth year of his age.

After the finding of the jury, a motion was made for a new trial, embracing a number of causes, among which was newly discovered evidence. Subsequent to the filing of the affidavit of appellant in support of his motion on this ground, together with the filing of affi-

davits of witnesses whose testimony he proposed to produce, if a new trial were granted, which filing was after the submission of the motion on the argument of counsel, but before the ruling of the court thereon, the appellant asked leave to file his additional affidavit on the question of diligence, which affidavit the court refused to allow to be filed.

Complaint is also made of the refusal of the court to approve and sign a bill of exceptions showing that the court declined to allow said additional affidavit for a new trial to be filed. The entry made by the judge upon such bill of exceptions was as follows: "This bill was tendered to me, but not signed, April 3, 1895." No claim is made by counsel for the State that the bill of exceptions is in any respect incorrect or untrue, nor is any reason given why it was not signed.

We do not think that a party who prepares and presents to the judge a proper bill of exceptions within the time allowed can be deprived of any rights thereunder by the failure or refusal of the judge to sign the same, provided the party takes due measures to secure his rights thereunder. Section 641, R. S. 1894 (section 629, R. S. 1881); *State, ex rel.,* v. *Slick,* 86 Ind. 501; *Hamm* v. *Romine,* 98 Ind. 77; *Robinson* v. *Anderson,* 106 Ind. 152; *Ohio & Miss. R. W. Co.* v. *Cosby,* 107 Ind. 32; *Vincennes Water Supply Co.* v. *White,* 124 Ind. 376 ; *Wysor* v. *Johnson,* 130 Ind. 270.

It was said by Coffey, J., in *Vincennes Water Supply Co.* v. *White, supra,* that: "When a party entitled to a bill of exceptions tenders the proper bill within the time allowed by the court, he has done his whole duty, and the duty of signing and filing them remains with the judge." In such a case as said by Judge Mitchell, in *Robinson* v. *Anderson, supra,* the party "has com-

plied with the letter and spirit of the statute, and is entitled to the benefit of his exceptions."

In this case, the affidavit which the court refused to be allowed to be filed is set out in the general bill of exceptions, and while it seems to show due diligence on the part of appellant as to the procurement of at least a part of the newly discovered evidence, yet it does not show any reason why the matters therein set out had not been stated in the original affidavit filed with the motion, nor any excuse for not filing the affidavit before the submission of the motion and the argument thereon.

It is true that counter-affidavits may be filed on the question of diligence in the procurement of newly discovered evidence, *Zeller* v. *Griffith, Admr.*, 89 Ind. 80; and there does not seem to be any reason why additional affidavits also may not be filed to show such diligence. In *Goings* v. *Chapman*, 18 Ind. 194, it was held that a court may allow affidavits for a new trial to be amended at any time, so long as the motion is still pending and undetermined.

Yet in all these cases the question of presenting, filing and amending affidavits in support of or against a motion for a new trial, after the submission of such motion to the court and argument of counsel thereon, must be largely in the discretion of the court; and if no abuse of such discretion is shown it cannot be reviewed in this court. It is much like the offering of additional evidence in a trial after all the evidence is submitted on both sides, and the same has been argued before the court. While the court might hear further evidence in such a case, yet it would be purely a matter for the good judgment and sound discretion of the court whether this should be done or not.

In the case at bar there is no showing made that there was any abuse of discretion by the court in refus-

ing to allow the filing of the amended affidavit after the submission and argument of the motion for a new trial.

We may say, also, as to the refusal of the court to sign the special bill of exceptions as to the facts of such refusal, that while there is nothing in the record to show the incorrectness of the bill, there is also nothing to show its correctness. The judge was not required to sign this bill unless he knew it to be correct; indeed, he should refuse to sign it if he believed it to be incorrect. No mandate has been asked to require him to sign the bill, and he has not in any other way been called upon to show why he did not sign it. Besides, the judge has signed the general bill of exceptions in which the affidavit and the action of the court in connection therewith, and with the special bill, are all fully set out.

As to the character of the proposed new evidence, as the same is indicated in the affidavits filed, we think it is almost all, if not fully, cumulative or impeaching, going either to strengthen the evidence given in favor of the appellant or to weaken that given for the State. In other words, it is not new evidence, but an additional amount of such evidence as was already given. A new trial will not be given in order to hear such cumulative or impeaching evidence; neither will a new trial be awarded in such a case where the proposed evidence would not probably change the result. *Harper* v. *State, ex rel.,* 101 Ind. 109; *Sutherlin* v. *State,* 108 Ind. 389; *Hamm* v. *Romine, supra; Pennsylvania Co.* v. *Nations,* 111 Ind. 203; *Morel* v. *State,* 89 Ind. 275; *Rainey* v. *State,* 53 Ind. 278; *Presser* v. *State,* 77 Ind. 274; *Turner* v. *State,* 102 Ind. 425; *Cooper* v. *State,* 120 Ind. 377.

We have carefully read the evidence given in the case with a view of determining whether there was any error in the admission or exclusion of evidence, as com-

plained by appellant; but are satisfied that the discretion of the court also in this regard was properly exercised. Evidence given as to the relations between appellant and the sister of the prosecuting witness may seem to have gone to too great a limit. This evidence was brought out on cross-examination of the sister of the prosecuting witness. She had testified in chief for appellant, and her evidence was most favorable to him. We think that it was in the discretion of the court to allow the State to show her relations with the appellant as affecting bias in his favor on her part.

Finding no available error in the record, the judgment is affirmed.

Filed February 11, 1896.