PEOPLE ex rel. TAYLOR v. WELDE, Com'r of Jurors.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

MANDAMUS—MUNICIPAL CIVIL SERVICE—IMPROPER REMOVAL — NECESSITY FOR DEMAND.

Where relator was removed from office in violation of the municipal civil service law, and filed a protest against such removal, and a request for reinstatement, with the commissioner who removed him, but began no action to enforce his reinstatement until after such commissioner's death, mandamus proceedings against the successor of such commissioner cannot be maintained, when no demand was made upon such successor for reinstatement.

Appeal from trial term.

Mandamus by the people, on the relation of David C. Taylor, against Charles Welde, as commissioner of jurors of the city of New York. From a judgment denying the writ, relator appeals. Affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William McArthur, for appellant.
Theodore Connoly, for respondent.

PATTERSON, J.   Upon the trial of issues joined on a writ of alternative mandamus, the court, after taking proofs, dismissed the writ, apparently on the ground of laches of the relator.   From the judgment of dismissal this appeal is taken.

The relator on the 25th of March, 1895, was appointed a clerk in the office of the commissioner of jurors for the then city of New York.   He retained his position from that day until the 31st of March, 1898.   On the last-mentioned day he was removed by John Purcell, then commissioner of jurors for the boroughs of Manhattan and Bronx.   On the 1st of April, 1898, the relator sent to Commissioner Purcell a letter of protest against being summarily removed from his position, as he held it under the civil service law, and he claimed he could not be removed without a hearing on charges. No hearing was accorded him, and no specific charge seems to have been made against him.   On the 4th of April, 1898, Mr. Purcell wrote the relator, acknowledging the receipt of the communication of the 1st of April, and stating that he would look into the matter, and, if the relator had been removed in violation of the New York civil service laws, he would be reinstated, but that in the meantime his removal should stand.   No action was begun by the relator to secure a reinstatement in his position until this proceeding was instituted on the 21st of September, 1898, although he had verified a petition, which does not seem to have been used, on the 13th of September, 1898.   Mr. Purcell died on the 12th of September, 1898, and the present respondent was appointed his successor.

Under the evidence, as it appears in the record before us, the correctness of the dismissal of the writ on the ground of the relator's laches may be open to doubt.   The excuse he makes for the delay in resorting to his legal remedy is, in the judgment of some of the members of this court, a reasonable one; but, although the delay may have been excused, there is another ground upon which the action of the court in dismissing the writ must be sustained, and it was specifically taken by counsel for the respondent on the trial. It is that no demand for reinstatement was made upon the present respondent.   It will be observed that no proceeding was pending against Mr. Purcell at the time of his death, which was on the 12th of September, 1898.   There is no question, therefore, of the abatement of a proceeding instituted and pending against Mr. Purcell; for the only reference made in the papers to any action antedating that against this respondent is the verification of a petition made subsequent to Mr. Purcell's death.   The matter therefore stands as an original proceeding against Mr. Welde, who, by force of the writ, if a peremptory mandamus were granted, would be the individual required to right a wrong committed by his predecessor in office.   It is a general rule that, before a writ of mandamus will issue, the application must show a demand and refusal, either in express terms, or by conduct from which such refusal may be implied, unless the performance of that which it is sought to compel is in the nature of a public duty.   People v. Cruger, 12 App. Div. 536, 42 N. Y. Supp. 398.   Here the matter of the relator's claim was one purely of personal right.   "The writ sought simply to protect a private

right, in the performance of which nobody but the relator has any interest." The remarks of Mr. Justice Strong in U. S. v. Boutwell, 17 Wall. 604, 21 L. Ed. 721, are pertinent and conclusive upon the point. That learned judge, delivering the unanimous opinion of the court, says:

"The office of a writ of mandamus is to compel the performance of a duty resting upon a person to whom it is sent. If he be an officer, and the duty be an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience. The writ does not reach the office. It cannot be directed to it. It is, therefore, in substance, a personal action; and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right."

The learned judge then proceeds to state that it is an imperative rule that, previous to making an application for a writ to command the performance of any particular act, an express and distinct demand or request to perform it must have been made by the relator on a defendant, and for the reason, among others, that, were a demand made upon him, he might discharge the duty, and render the interposition of the court unnecessary. In the state of New York the rule is referred to not as an imperative, but a general, one. No demand was made upon this respondent. He did no wrong personally to the relator, nor was he associated or in privity in any way with his predecessor. There was no personal default on his part, and he cannot be exposed to the consequences that would ensue from the granting of a peremptory writ, because of a wrongful act of a person preceding him in office, when no opportunity whatever has been afforded him to rectify a wrong of which he is altogether innocent, and of the commission of which he had no cognizance. A demand made upon his predecessor would not suffice. State v. Slick, 86 Ind. 501. The case is not one of a writ directed to a continuing body, nor of the revival and prosecution of a proceeding already taken or pending when this respondent was appointed to office. It is an independent proceeding directed against Mr. Welde, and we are of opinion that the relator had no standing in court to enforce his right until he had made a demand upon Mr. Welde for restoration to his position.

The judgment appealed from should be affirmed, with costs. All concur.