### GLAZER *v.* HOOK.

[No. 10,559. Filed December 22, 1920.]

1. PRINCIPAL AND AGENT.— *General Agent.— Transactions Incident to Business.—Liability of Principal.*—One who is placed in charge as manager of his employer's business is a general agent and in that capacity has power to bind his principal in his transactions and representations incident to the business. p. 499.

2. CONTRACTS.—*Written.—Merger of Verbal Representations.— Modification by Contemporaneous Agreements.*—Where parties to an agreement enter into a written contract all verbal representations are merged therein, and the contract cannot be changed or modified by contemporaneous agreements or representations. p. 500.

3. WAREHOUSEMEN.—*Contract Against Negligence.—Validity.*— A warehouseman's receipt providing that all perishable goods are taken at depositor's own risk, and that the depositor takes the risk of loss or damage by fire, must not be construed as a contract by the warehouseman against his own negligence, such contracts being invalid. p. 500.

4. WAREHOUSEMEN.—*Loss of Goods in Storage by Fire.—Action.* —*Customer's Burden of Proof.—Bailment.*—The relation between a warehouseman and his customer is that of bailor and bailee, and, in an action for damage by fire to goods in storage, it was incumbent on the customer as such bailor to prove the contract, the delivery of the goods to the warehouseman, and his failure to return them. p. 501.

5. WAREHOUSEMEN.—*Loss of Goods in Storage by Fire.—Action.* —*Negligence.—Warehouseman's Burden of Proof.*—Where the customer of a warehouseman proved the contract for storage of goods, delivery thereof and failure of the warehouseman to return them, she made a *prima facie* case of breach of the storage contract, and the burden then rested on the warehouseman to prove that the destruction of the property was not caused by his negligence. p. 501.

From Marion Superior Court (A-894) ; *W. W. Thornton,* Judge.

Action by Ruth Hook against Robert D. Glazer. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Louis J. Robinson, William P. Reagan, Alfred K. Hovey* and *Harding W. Hovey,* for appellant.

*Hottel & Patrick* and *A. E. Schmollinger,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover damages alleged to have been suffered by appellee as a result of a fire in a warehouse, which destroyed certain goods of appellee that were stored therein.

The only error assigned is the action of the court in overruling appellant's motion for a new trial.

It was averred in the first paragraph of the complaint that appellant on April 21, 1917, and thereafter during the time involved in this action was engaged as a warehouseman in the business of receiving and storing fur-

niture, household goods and other property for hire at his place of business in Indianapolis, which business was operated under the name of the American Storage Company; that appellant held himself out as conducting his said business in a modern fireproof storage house, and represented to appellee that her goods would be stored in a well regulated fireproof storage building, and that watchmen were kept to guard and protect against loss or damage by fire to any goods stored therein. On the strength of said representations, appellee stored in appellant's rooms certain household goods and other property of the value of $1,000, for which storage she paid a monthly rate of $3; that appellant had failed to perform the conditions of his agreement in that he did not store appellee's goods in a modern fireproof warehouse, but that he did store them in the same room with other materials of inflammable and combustible character without separating them therefrom by fireproof walls, and that he failed to keep a watchman; that, by reason of such breach of contract, appellee's property was destroyed by fire to her damage in the sum of $1,000.

The second paragraph is like the first, except that it contains the additional averment that appellant agreed to carry insurance for the protection of appellee, which he failed to do.

There was an answer in denial and trial by a jury, with a verdict in favor of appellee for $500.

In his motion for a new trial, which was overruled, appellant says: (1) The verdict is not sustained by sufficient evidence; (2) it is contrary to law; (3) the court erred in giving instruction No. 6 on its own motion.

1. It appears by the evidence that one J. E. Tuttle was the manager of appellant's company, and that he had full charge of the same, and there is evidence that Tuttle made the above representations

orally by phone which induced appellee to store her goods with appellant. One who is placed in charge as manager of his employer's business is a general agent, and as such has power to bind his principal in his transactions and representations incident to such business. *Over* v. *Schiffling* (1885), 102 Ind. 191, 26 N. E. 91; *American, etc., Tel. Co.* v. *Green* (1905), 164 Ind. 349, 73 N. E. 707; *Larue* v. *American, etc., Engine Co.* (1911), 176 Ind. 609, 620, 96 N. E. 772; *King* v. *Edward Thompson Co.* (1914), 56 Ind. App. 274, 281, 104 N. E. 106.

Appellant contends that the terms and stipulations of the warehouse receipt, which was given by his company to appellee, constituted the written contract 2. of storage between the parties and that, even if the representations were made, as they were oral, they were merged in the terms of the written contract. It is the law that, where there is a written contract between parties to an agreement, all verbal representations are merged therein, and that such written contract cannot be changed or modified by contemporaneous agreements or representations. *Alcorn* v. *Morgan* (1881), 77 Ind. 184; *Drudge* v. *Leiter* (1898), 18 Ind. App. 694, 697, 49 N. E. 34, 63 Am. St. 359.

However, as we view this case, it can make no difference whether appellee's goods were stored in appellant's warehouse under the terms and stipulations of 3. the oral agreement or of the written agreement as expressed by the warehouse receipt. It is true that the warehouse receipt provides that all perishable goods are taken at depositor's own risk, and that the depositor takes the risk of loss or damage by fire, but this provision must not be construed as a contract by appellant against his own negligence, for such contracts are invalid. In the case of *Murphy* v. *City of Indianapolis* (1902), 158 Ind. 238, 63 N. E. 469, the

NOVEMBER TERM, 1920.        501

Meridian, etc., Fire Ins. Co. v. Deffendoll—74 Ind. App. 501.

principle is mildly stated as follows: "It has been generally regarded as unwise to allow any one to contract against his own negligence." The question is discussed in 9 Cyc 543, where authorities are cited sustaining the principle.

The relation between appellant and appellee was that of bailor and bailee. As such bailor it was incumbent upon appellee to prove the contract, the delivery of the goods to appellant, and the failure of appellant to return them to her. This she did. His failure to return to appellee her goods is inconsistent with the thing he agreed to do as a bailee.

The property was in his possession and away from the bailor, and of necessity she could not know of the circumstances surrounding its destruction. When appellee had made such proof, she had made her *prima facie* case of breach of the contract, and the *onus* then rested upon appellant to prove that the destruction of the property was not caused by his negligence. In this he failed, and the jury, by its general verdict, so found.

The case of *Holt Ice, etc., Co.* v. *Arthur Jordan Co.* (1900), 25 Ind. App. 314, 57 N. E. 575, is in point and decided the question involved against appellant. Having reached this conclusion, we do not need to consider any other errors assigned. There was no reversible error, and the judgment is affirmed.

Dausman, P. J., concurs in result.