JASPER COUNTY FARMS COMPANY v. HOLDEN ET AL.

[No. 11,522. Filed January 12, 1923.]

1. PRINCIPAL AND AGENT.—*Transactions with Agent.—Action Against Principal.—Agency.—Burden of Proof.*—In an action against an employer for goods purchased by its agent, it was incumbent upon plaintiffs to establish not only that the person who purchased the goods was defendant's agent, but also whether the agency was general or special. p. 215.

2. PRINCIPAL AND AGENT.—*Existence of Relation.—Proof.—Character of Relation.*—Agency may be shown like any other fact, either by direct or circumstantial evidence. p. 215.

3. PRINCIPAL AND AGENT.—*Character of Agency.—Evidence.—Acts and Dealings of Agent.—Competency.*—The character of an agency, whether general or special, is a question of fact, in determining which of the acts and dealings of the agent are competent evidence. p. 215.

4. PRINCIPAL AND AGENT.—*Acts of Agent.—Liability of Principal.—Undisclosed Limitation in Agent's Authority.*—Where an act done by an agent is within the general scope of his authority, the principal will be liable, even though such acts are directly contrary to the instructions of the principal; and the authority of an agent acting within the general scope of his employment cannot be narrowed by private or undisclosed instructions, unless there is something in the nature of the business or the circumstances of a particular transaction to indicate that the agent is acting under special instructions or limited powers. p. 217.

From Jasper Circuit Court; *George A. Williams,* Judge.

Action by John Holden and others against the Jasper County Farms Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Hanley & Hanley* and *Stebbins, Garey, L'Amoreaux & Hurtubise,* for appellant.

*Abraham Halleck,* for appellees.

ENLOE, J.—This was an action by the appellees to recover for goods alleged to have been sold and delivered to the defendant. There was an answer in general denial, and the issue thus formed was submitted to the court for trial, resulting in a finding and judgment in favor of appellees, from which, after their motion for a new trial was overruled, this appeal is prosecuted. The only questions presented arise under the motion for a new trial and are: (a) the sufficiency of the evidence to sustain the decision of the court; (b) that said decision is contrary to law; and (c) error in admitting certain testimony.

It is first argued that the court erred in admitting certain testimony over the objection of the appellant.

1-3. It was incumbent upon the appellees to establish, not only the fact that one Kupper, with whom their dealings were had, was the agent of appel-

lant, but also to establish the character of the agency, whether general or special. Whether Kupper was, or was not, the agent of appellant was a question of fact which could be established as any other fact, either by direct or by circumtsantial evidence. *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96; *Ross* v. *Indiana, etc., Co.* (1922), 78 Ind. App. 219, 130 N. E. 440. The character of said agency, whether general or special, was also a question of fact, and for the purpose of determining this fact all the acts and dealings of the said agent were competent. This necessarily follows, because the *ostensible* powers of an agent are his *real* powers; and so the vital question was one of apparent authority of the agent. *Hoshor Platt Co.* v. *Miller* (1921), 238 Mass. 518, 131 N. E. 310. The question to which objection was made had relation to the transactions between said Kupper, as manager of said farm and one Halesy. The court did not err in admitting this testimony.

It appears from this record that the appellant is the owner of a farm in Jasper county, Indiana, and that one Kupper was the local representative of appellant in charge of said farm; that in the spring of 1921 said Kupper purchased tomato plants, from appellees, to be set out on said farm, to the amount of $600, and this suit was brought in an endeavor to collect said sum for the plants so sold. The secretary of appellant company testified as a witness in this cause, on behalf of the appellant, and from his testimony we learn that the man Kupper, with whom appellees dealt, was the "representative of appellant" in charge of said farm, but this witness testified that Kupper's authority was "limited at all times to items not to exceed 100 dollars." We then have a case, under this testimony, where the fact of agency is admitted, but where liability upon the account herein sued on is denied because it exceeds $100, the

claimed limit of said agent's authority. It is impliedly admitted that Kupper had authority to purchase these plants to an amount not exceeding $100 in value, and we therefore have a case, not of want of authority in the agent to purchase, but one where liability is denied because the agent violated his private instructions.

It has been many times held that if an act done by an agent is within the general scope of his authority, it matters not that such act is directly contrary to 4. the instructions of the principal; the latter will nevertheless be liable. *Lake Shore, etc., R. Co.* v. *Foster* (1885), 104 Ind. 293, 4 N. E. 20, 54 Am. Rep. 319; *Gaar, Scott & Co.* v. *Rose* (1892), 3 Ind. App. 269, 26 N. E. 616; 2 R. C. L. 904. In the case of *Brown* v. *Franklin, etc., Co.* (1895), 165 Mass. 565, 43 N. E. 512, 52 Am. St. 534, it was said: "If Porter's authority was limited by private instructions given to him by the officers of the company, this cannot bind the plaintiff, if he had no knowledge of it. His authority 'must be determined by the nature of his business and the apparent scope of his employment therein. It cannot be narrowed by private or undisclosed instructions, unless there is something in the nature of the business or the circumstances of the case to indicate that the agent is acting under special instructions or limited powers.'"

We therefore conclude that the decision of the court is sustained by the evidence, and that it is not contrary to law.

The judgment is affirmed.