In the Matter of the Application of RAYMOND ROGAN and Two Others, Petitioners, for an Order of Mandamus against BEVERLY CHEW and Others, Constituting the Police Commission of the City of Geneva, New York, Respondents.

Supreme Court, Ontario County, September 1, 1926.

Public officers — mandamus to compel police commissioners to appoint one of three petitioners as chief of police of city of Geneva — petitioners were certified to police commission as eligible to position — prior to hearing all police commissioners left office — present motion is to substitute new commissioners — demand on new commissioners was necessary — no demand was shown — proceedings are personal and on termination of office of original commissioners proceedings abated — motion denied.

The petitioners, who successfully passed a civil service examination for the position of chief of police for the city of Geneva and whose names were certified to the police commission, applied for a mandamus order to compel the police commission to appoint one of the three as chief of police. Before the matter was submitted to the court all of the then police commissioners left office by resignation or removal. This motion is to substitute the present commissioners in place of those against whom the proceedings were originally instituted. The petitioners cannot succeed, since they have not shown that they have made a demand on the present commission to make an appointment to fill the office of chief of police.

Furthermore, this proceeding is not against the city of Geneva but is against the police commissioners, personally, and, therefore, upon the resignation or removal of the commissioners against whom the proceedings were originally instituted, the proceedings abated and terminated. The motion to substitute the new police commissioners is denied.

MOTION to substitute Edwin S. Thorne, James G. Kettle and Roger Hogan, now constituting the police commission of the city of Geneva, N. Y., in place and stead of the above-described respondents.

*A. W. Skinner,* for the petitioners.

*Arthur J. Hammond,* for the respondents.

SAWYER, J.   A vacancy existing in the office of the chief of police of the city of Geneva aforesaid, an examination was held by the civil service commission of the city as a result of which it, on December 19, 1924, certified to the respondents, then constituting its police commission, the names of these petitioners as an eligible list under civil service rules from which such vacancy might, by appointment, be filled. Much trouble has since arisen between the two municipal boards, the police commission insisting that such alleged eligible list was unlawfully created and the persons named wholly unsuitable for the office of chief of police; as a consequence it has refused to name either of such persons to that office and the office remains unfilled.

In May, 1925, this proceeding was begun to require the respondents to appoint some one of the three petitioners to the vacant position and after an oral argument was, by agreement of counsel, postponed for later submission on written brief. This was on June 27, 1925; on the 5th day of February, 1926, the brief of one of the parties was filed with the court. In the meantime and on December 31, 1925, the term of the respondent David S. Nester had expired and the respondent Beverly Chew had at about the same time resigned as such police commissioner. Under the agreement for submission respondents had ten days from February fifth in which to file their answering brief, but before that time had elapsed, and on February 13, 1926, the resignation of Mr. Chew had been filed in the city clerk's office and the respondent W. Edward Sweeney on the same day was removed from office by the mayor of Geneva.

It will be seen from this recital of events that neither of the respondents was a police commissioner of the city of Geneva on February 15, 1925, and at no time since have they, or either of them, had power to appoint a chief of police. For that reason the matter has never yet been submitted to the court for decision, respondents' attorney taking the position that it had in fact abated while petitioner argues that respondents being public officers, the proceeding is in fact against the city and, therefore, continues against respondents' successors in office, whom they by this motion seek to have substituted.

In deciding this question the relations of petitioners, if any, to the city of Geneva must be the determining factor. If the right of the petitioners is against the city itself, the proceeding does not abate by the resignation, removal or expiration of the term of the officer and it may be enforced against his successor, but unless such successor is the moving party, formal substitution must be had. (*People ex rel. Walker* v. *Ahearn,* 200 N. Y. 146; *People ex rel. Dannat* v. *Comptroller,* 77 id. 45; *People ex rel. Village of Cobleskill* v. *Supervisors,* 140 App. Div. 769.) It seems, however, that in such case substitution of the official successor can only be had after demand upon him for the relief sought and a neglect to comply therewith has been had. (*People ex rel. Taylor* v. *Welde,* 61 App. Div. 580; *People ex rel. Hatch* v. *Lantry,* 88 id. 583.)

In the case of *People ex rel. Lazarus* v. *Coleman* (99 App. Div. 88) this question of absence of demand was raised and met by the court upon the theory that the defendants were sued as a board although named as individuals constituting the board. There two of the original defendants were still in office and demand upon the successor of the third was thought unnecessary because the board

was a continuing one, regardless of the personnel of the individual members. It is, of course, idle to speculate whether the same conclusion would have been reached if the entire personnel of the municipal body there involved had been changed — quite likely it would. The reason for the contrary rule, set forth in *People ex rel. Taylor* v. *Welde* (*supra*, 582), is, however, most persuasive and points out, I believe, the true course to be followed in these cases: " No demand was made upon this respondent. He did no wrong personally to the relator, nor was he associated or in privity in any way with his predecessor. There was no personal default on his part and he cannot be exposed to the consequences that would ensue from the granting of a peremptory writ, because of a wrongful act of a person preceding him in office, when no opportunity whatever has been afforded him to rectify a wrong of which he is altogether innocent and of the commission of which he had no cognizance."

It is not claimed that any demand has been made upon the members of the present police commission that they appoint one of petitioners as chief of police. This omission is of itself fatal to the present application. But were this otherwise, the motion would still need to be denied for the reason that the proceeding has abated and terminated. These petitioners have not nor have they ever had any rights as against the city of Geneva arising out of the matter in controversy. They are not and have not been in any way connected with the city or its government. The city has toward them no obligation whatever. The only right petitioners ever had was to be certified as eligible for appointment as chief of police. (*People ex rel. Walter* v. *Kaplan,* 117 Misc. 257, 261.) As is pointed out by respondents, this right has not been infringed, for they were in fact so certified. Any claim of petitioners must be against the named respondents for failure to act. That is not the default of the city but purely a personal delinquency for which any citizen may maintain a mandamus proceeding to enforce action. Neither of petitioners could maintain such a proceeding based on his individual rights under the list for his own benefit nor can they collectively do so as a sort of lottery for the benefit of some one of them. They can only act generally as citizens and, as such, only to remedy a personal failure of respondents.

Where the proceeding is personal to officers proceeded against, upon the termination of their office, while it was pending and before submission, it abates. (*People ex rel. La Chicotte* v. *Best,* 187 N. Y. 1, 5.)

From what has been said it follows that the motion must be denied, with costs. Let order be entered accordingly.