# Gasco v. Tracas.

## [No. 12,594. Filed February 3, 1927.]

1. TRIAL.—*Directing verdict, rule stated.*—It is only when the evidence on any question is undisputed and only one legitimate inference can be drawn therefrom that the court has a right to direct the verdict. A verdict for the defendant should not be directed if there be any evidence whatever having legal weight, or any legitimate inference from the evidence, tending to support plaintiff's right to recover. p. 594.

2. PRINCIPAL AND AGENT.—*When principal bound by acts of agent.*—Where an agent acts within the apparent scope of his authority, his principal is bound thereby, though the agent's acts are directly contrary to the instructions of his principal. p. 594.

3. MASTER AND SERVANT.—*Direct contract between employer and employee not necessary to create relation.*—One employed by a person in charge of a business establishment is an employee within the rule requiring the exercise of reasonable care to prevent injury to employees, although there was no direct contract between the owner thereof and such employee. p. 594.

4. MASTER AND SERVANT.—*Whether one employed by manager of plant was employee of owner thereof held question for jury.*—In an action to recover for personal injuries sustained by plaintiff while working in defendant's dry cleaning plant, the plaintiff being employed by the manager of the establishment in the absence of the defendant, the question whether the relation of master and servant existed should be left to the jury. p. 595.

5. PRINCIPAL AND AGENT.—*Evidence of agent's acts that may be received to determine scope of his authority.*—Although agency cannot be established by the declarations of the agent himself, in an action against the principal for injuries received by plaintiff while working in the defendant's business establishment under employment by the manager thereof, evidence of the acts of the manager within the scope of his apparent authority, of his directions to those about him in the conduct

of the work and of his conversations with them in reference thereto, would be competent for the purpose of determining the extent of his authority and as to whether one employed by him was, in fact, employed by the defendant. p. 595.

6. MASTER AND SERVANT.—*Evidence of employer's declarations after accident to employee held competent.*—In an action for personal injuries received by plaintiff while working in the defendant's business establishment under employment by the · manager thereof, evidence that, after the accident, when plaintiff was making claim for damages for the injuries, the only ground asserted by the defendant for refusing to recognize liability therefor was the alleged drunkenness of the plaintiff at the time of the accident, was competent, and should not have been excluded. p. 595.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Action by Edward B. Gasco against Theodore Tracas. From a judgment for defendant, the plaintiff appeals. *Reversed.* By the court in banc.

*Rulison, Arnold, Carson & Judie,* for appellant.

*W. S. Carlisle* and *Parker, Crabill, Crumpacker & May,* for appellee.

NICHOLS, J.—Action by appellant against appellee, to recover for personal injuries sustained by appellant in appellee's dry cleaning establishment, at the town of Roseland, St. Joseph county, Indiana, on February 19, 1924. The complaint alleged that appellant was employed to assist in the operation of power-driven· machinery at said plant, and, while being under directions to shift the belt from one wheel or shafting to another, he was injured by having his hand caught therein, appellee having negligently failed to provide protection to guard against injury during the shifting of said belt, no safeguard being provided, contrary to the statute. Appellee was not under the Workmen's Compensation Act, and the action was at common law to recover damages for such alleged injuries in the sum of $2,500.

At the close of appellant's evidence, appellee moved for a directed verdict on the ground that appellant had not proved that he was an employee of appellee, and that therefore he did not make a *prima facie* case. The court sustained the motion and directed the jury to return a verdict for appellee, which the jury did, to which action of the court, appellant excepted, and, from a judgment entered on such verdict in favor of appellee, this appeal.

The only error relied on for a reversal is the action of the court in overruling appellant's motion for a new trial, the reasons therefor being that the court erred in giving to the jury, at the close of appellant's evidence, its instruction directing the jury to return a verdict for appellee; that the verdict is contrary to law, and is not sustained by sufficient evidence; and error in excluding certain evidence hereinafter considered.

The evidence shows, without dispute, that appellant was employed by Eugene Jacobs, a brother-in-law of appellee, to work in appellee's plant; that Jacobs, in the absence of appellee, was in sole and general charge of the plant; there were customarily and usually in the employ of appellee at his Roseland plant, where appellant was injured, two employees, Jacobs and Mrs. Roth, sister of appellant. These employees were expected to clean the clothing gathered on any day and have it ready for delivery the next day. That on that particular date, while Jacobs was in charge of the plant in the absence of appellee, the other employee, Mrs. Roth, could not be present, and Jacobs employed appellant to work therein in the place and stead of the regular employee, Mrs. Roth, and, while so working, he was injured.

It is a well-established rule of law that it is only when the evidence upon any question is undisputed, and only one legitimate inference can be drawn therefrom that

the court has a right to direct the verdict. If there be any evidence whatever having legal weight, or any legitimate inference from the evidence tending to support appellant's right to recover, the question should have been left to the jury. *Kearns* v. *Burling* (1896), 14 Ind. App. 143, 42 N. E. 646.

The question here involved is not as to the authority that Jacobs had as agent between himself and appellee, the owner of the cleaning plant, but rather as to his apparent authority when the rights of innocent third persons who have relied thereon are involved. If Jacobs, as agent, acted within his apparent authority in employing appellant, his principal would be bound thereby. *Hodges* v. *Bankers Surety Co.* (1910), 152 Ill. App. 372; *Grand Pacific Hotel Co.* v. *Pinkerton* (1905), 217 Ill. 61, 75 N. E. 427. And this is true though the acts of the agent are directly contrary to the instructions of his principal. *Jasper County Farms Co.* v. *Holden* (1923), 79 Ind. App. 214, 137 N. E. 618.

It was not necessary that there should have been a direct contract between appellant and appellee, in order that the relation of master and servant might exist between them within the meaning of the rule which requires reasonable care to prevent injury to employees. *Ringue* v. *Oregon Coal Co.* (1904), 44 Ore. 407, 75 Pac. 704; *Tennessee Coal, etc., Co.* v. *Hayes* (1892), 97 Ala. 201, 12 So. 98.

Jacobs was the manager of the cleaning plant in the absence of the owner, directing its operations, calling for Mrs. Roth when he was ready to use her, and giving her direction as to what she should do. He was required to clean the clothing gathered each day for delivery the next morning. It required more than one person to operate the plant, and two persons were generally there and at work. Under such circumstances, it cannot be said, as a matter of law, that the rela-

tion of master and servant, within the meaning of the rule requiring ordinary care on the part of the master to prevent injury to the servant, was not created by the employment of appellant by Jacobs.

There being some evidence of negligence that resulted in the injury, the question as to such relation should have been submitted to the jury, and, in determining the same, while the rule that an agency may not be established by the declaration of the agent himself must be recognized, evidence of the acts of Jacobs within the scope of his general apparent authority, of his directions to those about him in the conduct of the work, and his conversations with them in reference thereto, was competent for the purpose of determining the extent of his ostensible authority, and as to whether under it appellant was justified in his belief that he was employed, through Jacobs, by appellee. *Jasper County Farms Co.* v. *Holden, supra; R. T. Adams Co.* v. *Israel* (1923), 244 Mass. 139, 138 N. E. 319; *Over* v. *Schiffling* (1885), 102 Ind. 191, 26 N. E. 125; *Glazer* v. *Hook* (1920), 74 Ind. App. 497, 129 N. E. 249; *Barnett* v. *Gluting* (1891), 3 Ind. App. 415, 29 N. E. 154.

Appellant sought to give evidence that, after the accident, and at a time when he was making claim against appellee for damages because of his injury, the only ground asserted by appellee for refusing to recognize liability was the alleged drunkenness of appellant at the time of the accident, and no other reason was given for such refusal. It was error to exclude this evidence. Appellant was then claiming damages of appellee growing out of the relation of master and servant existing between them, and the fact that appellee refused to recognize liability upon some other ground, and made no reference to the want of the relation of employer and employee between himself and

appellant, was competent to go to the jury for its consideration in determining whether at that time appellee was denying his liability on the ground that appellant was not his employee.

Judgment is reversed, with instructions to grant a new trial.

Dausman, J., absent.