STATE STORAGE, INCORPORATED, *v.* SCHEPER ET AL.

[No. 14,343. Filed May 31, 1932. Rehearing denied October 27, 1932.]

*J. Fred Masters* and *Emmanuel E. Buckler,* for appellant.

*Carl E. Wood,* for appellee.

CURTIS, J.—This was an action brought by the appellee Frank Scheper against the appellant, State Storage, Inc., and one Joseph P. Braun for damages by reason of the alleged loss or destruction of some household goods delivered by the appellee, Scheper, to the said State Storage, Inc., and said Joseph P. Braun. The complaint was in one paragraph, the substance of which is as follows: That the appellee, Scheper, on the 6th and 8th days of December, 1928, "delivered to defendants the following described articles of household goods, to-wit:" (Here follows a list of such goods with the value of each article totaling the sum of $122.00). "That the defendants undertook and agreed to keep said household goods safely and securely in said defendants' warehouse

until called for by the plaintiff and to return the same to the plaintiff on demand. Said plaintiff further says that he paid the defendants the sum of $73.50 for their services. . . . that on or about November 9, 1929, the plaintiff demanded of said defendants the return of said property; that at that time all the money due the defendants was paid to them in full and . . . that said defendants so negligently and carelessly kept said property that the same was lost or destroyed and to the plaintiff's damage in the said sum of $122.00," for which sum judgment was asked.

The record discloses that the appellant filed a motion to make the complaint more specific and also filed a demurrer to the complaint, neither of which appear to have been ruled upon. There was an answer filed in three paragraphs, the first of which was a general denial, the second admitted the receipt of the goods, but alleged "that part of the goods were sold under the order and direction of the plaintiff and all others were turned over and delivered back to the plaintiff," and the third alleged: "That before the commencement of this action all the matters and things contained and set out and complained of in plaintiff's complaint were fully adjusted, settled and determined by and between the plaintiff and the parties defendant hereto and each of them separately and severally." To each of the second and third paragraphs of answer the appellee Scheper filed a general denial. The cause was submitted for trial before a jury. At the close of the plaintiff's case he dismissed as to the defendant Braun. The jury returned a verdict for the appellee Scheper against the appellant in the sum of $100.00. There was a motion for a new trial filed and overruled, and an exception taken by the appellant. The court rendered judgment upon the verdict in accordance therewith. This appeal was then prayed and perfected.

The errors relied upon for reversal are as follows: (1) "The court erred in overruling appellant's demurrer to the complaint of appellee, Frank Scheper. (2) The court erred in overruling appellant's motion to require the appellee, Frank Scheper, to make his complaint more specific, definite and certain. (3) The court erred in overruling appellant's motion for a new trial."

As heretofore stated, neither the demurrer nor the motion to make the complaint more specific appear to have been ruled upon by the trial court and it is needless to say that the record does not disclose any exception taken to any ruling thereon. No question is therefore presented upon the first two errors relied upon. The motion for a new trial contains 15 causes as follows: (1) The verdict of the jury is contrary to law; (2) The verdict of the jury is not sustained by sufficient evidence; (3), (4), (5) Error in not giving a peremptory instruction for the appellant; (6, 7, 8, 9, 10, 13, 14) Error in the admission of certain testimony; (11, 12) Error in excluding certain evidence; (15) Newly discovered evidence. The first five causes in the motion for a new trial present substantially the same question. The evidence is conflicting but there is, in our opinion, at least some competent evidence to sustain the verdict of the jury. We believe that the verdict is not contrary to law. It would have been error for the court to have given the peremptory instruction for the appellant as the court would, under the circumstances of the instant case, have been thereby invading the province of the jury. The legal relation between the appellant and appellee, Scheper, was that of bailee and bailor. As such bailor it was necessary for the said appellee to prove the contract, the delivery of the goods to the appellant, and the failure of the appellant to return them to him. This

proof was made and it constitutes a *prima facie* case of breach of the contract. See *Glazer* v. *Hook* (1920), 74 Ind. App. 497, 129 N. E. 249; *Employers' Fire Insurance Company* v. *Consolidated Garage and Sales Company et al.* (1927), 85 Ind. App. 674, 155 N. E. 533; *Keenan Hotel Co.* v. *Funk* (1931), 93 Ind. App. 677, 177 N. E. 364.

Causes 6, 7, 8, 9, 10, 13, and 14 of the motion for a new trial each relate to different alleged errors as to the admission of evidence. Said cause number 6 relates to two questions asked of the defendant, Joseph P. Braun, and permitted to be answered over the objection of the appellant as follows: "Question. Are you still employed there? Answer. No, sir. Question. When did you quit there? Answer. I don't know. I think the following March, 1929." The objection was as follows: "It isn't shown the agency of this witness, and that is not done by the admission of the agent." The objection was overruled. We are not able to see how any harm was done the appellant by the ruling of the court.

Cause 7 relates to a question asked the witness Lawrence Scheper and permitted to be answered by the court over the objection of the appellant, as follows: "Question. You mean the State Storage got all the household goods out of the house? Answer. Yes, sir." We see no error in the ruling of the court. Causes 8 and 9 relate to certain evidence given by the witness Matilda Scheper over the objection of the appellant. The witness was permitted to testify that a certain chair, rocker, and swing were the porch furniture mentioned in a certain exhibit which had been introduced in evidence. She also testified that the words "porch furniture" included in the said exhibit included the swing, the porch swing, porch chair, and the bench. We cannot see how the appellant was in any way preju-

diced by this evidence. Cause 10 in the motion asserts error in permitting the witness Malissa Scheper to answer the following question over the objection of the appellant: "Question. You knew that you were dealing with the State Storage Co.? Answer. Yes." We do not see the materiality of the evidence, neither do we see how it could have been harmful to the appellant.

Causes 11 and 12 in the motion relate to the exclusion of certain evidence of the witness Edward H. Holliday, called by the appellant. No offer to prove was ██ made by the appellant and therefore no question is presented by these two causes. The evidence excluded was upon the direct examination of the witness. The rule is well established that when an objection is made to the introduction of oral evidence on direct examination, it is necessary, in order that the party offering it may present any question as to the correctness of the ruling of the court excluding such evidence, that a statement be made to the court of the particular fact or facts to which the witness will testify, if allowed to answer the question. Merely saving an exception when an objection to a question is sustained is not sufficient to save any question. See section 1443, Watson's Revision of Works' Practice and Forms, also authorities cited therein, including *Miller* v. *Coulter et al.* (1901), 156 Ind. 290, 59 N. E. 853.

Causes 13 and 14 in the motion relate to certain evidence given by the witness Lawrence Scheper in rebuttal, over the objection of the appellant, as ██ follows: "Question. What was the conversation? Answer. He said 'lot' meant dishes and cooking utensils." The question and answer, as set out in the brief, are so vague that we can not say without searching the record whether or not the hearsay rule was violated, neither can we say what the purpose of the question was; but we do not perceive how any harm-

ful error was committed by the ruling thereon. The witness was also asked: "What kind of a bed and springs was it?" The answer was: "That was a single Simmons bed and springs." This evidence most likely would more properly have been a part of the appellee's evidence in chief, and not in rebuttal, but no such objection was made, and besides, we see no reversible error in the ruling on the admission of such evidence.

Cause number 15 in the motion for a new trial relates to newly discovered evidence and presents a more serious question. In considering a motion for a new trial upon the ground of newly discovered evidence, there are four well established rules which should be applied: (1) A new trial will not be granted on the ground of newly discovered evidence where such evidence is merely cumulative or corroborative of evidence given at the trial. See *Dodds* v. *Vannoy, Administrator* (1878), 61 Ind. 89; *DeHart et al.* v. *Aper* (1886), 107 Ind. 460, 8 N. E. 275; *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 62 N. E. 78. (2) A new trial will not be granted on the ground of newly discovered evidence where such evidence would be merely for impeachment, or in contradiction of evidence given at the trial. *Sullivan* v. *O'Conner* (1881), 77 Ind. 149; *Franklin* v. *Lee, supra.* (3) The party applying for a new trial on the ground of newly discovered evidence must show diligence in attempting to procure it before the trial. It has been held that it is not sufficient to state generally that there has been diligence in making inquiries of those who would supposedly know anything of the case; all the facts constituting the diligence must be shown. *Morrison* v. *Carey et al.* (1891), 129 Ind. 277, 28 N. E. 697; *Anderson* v. *Hathaway* (1892), 130 Ind. 528, 30 N. E. 638; *Franklin* v. *Lee, supra.* (4) Before a new trial will be granted on the ground of newly discovered evidence, such evidence must be of a very material and de-

cisive character and be such as to render it reasonably certain that another trial would bring a different result. *Morrison* v. *Carey et al., supra; Franklin* v. *Lee, supra; Smith* v. *State* (1895), 143 Ind. 685, 42 N. E. 913. No attempt has been made to cite more than a few of the cases illustrating the above rules as the decisions are numerous and are, for the most part, cited in the above cases. It has been appropriately said that courts look with disfavor and suspicion upon motions of this kind for the reason that few cases are tried in which something new may not be hunted up, and because the temptation is strong to make a favorable showing after defeat which might easily tend to perjury; and the courts will require a very strict showing to be made of diligence and all other facts necessary to give effect to the claim. The inference to be drawn from the affidavit made in support of the motion for a new trial on the ground of newly discovered evidence, in the instant case, is that the affiant purchased from the appellee the very goods, for the value of which the appellee sued the appellant. The evidence, if standing alone, would defeat the appellee's claim, but it must be remembered that the appellee's evidence from several witnesses would entirely controvert the affidavit and in some respects the affidavit would controvert some of the appellant's own evidence. The newly discovered evidence would, in our opinion, in the main, only contradict other evidence. It is not of such a nature or character as would in our judgment render it reasonably certain that another trial would bring a different result.

We find no reversible error. The death of the appellee Frank Scheper, after the submission of this cause in this court, having been suggested, the judgment is affirmed as of the term at which submission was made.

Judgment so affirmed.