ZIEG ET AL. v. R. L. ROMY INVESTMENT COMPANY, A CORPORATION

[No. 16,339. Filed May 27, 1940. Rehearing denied October 15, 1940. Transfer denied December 31, 1940.]

*Howard Benninghoff,* of Fort Wayne, for appellant.

*Vesey & Shoaff, Robert Y. Keegan,* and *Richard F. Baird, Jr.,* all of Fort Wayne, for appellee.

CURTIS, J.—This was an action by the appellee against Fred C. Zieg and Marcella Isenberg to recover for rent alleged to be due on a written lease signed by both Zieg and Isenberg dated February 16, 1934, and for rent for the use and occupancy of the premises after the expiration of the original or primary term of the lease.

The issues were made upon the appellee's complaint and an answer of general denial by each of the herein named appellants. The appellant Fred C. Zieg tendered cash in the trial court in the sum of $155.00 for the use and benefit of the appellee.

The cause was tried before the court without a jury resulting in a finding and judgment in favor of the appellee in the sum of $450.00 against each of the herein named appellants. Zieg alone appealed. He seasonably filed a motion for a new trial which was overruled and his appeal followed, the error assigned being the ruling on said motion. The causes or grounds of said motion which are presented are that the decision of the court is not sustained by sufficient evidence, is contrary to law and alleged error in certain rulings as to the evidence.

The error assigned requires an examination first into the evidence brought before us. Taking the evidence most favorable to the appellee as we are required to do it tends to show that the appellant Zieg and Marcella Isenberg by said written lease with the appellee leased the second floor of the Clinton Building in the City of Fort Wayne, Allen County, Indiana, known as 926 South Clinton Street in that city, for a period of one year from March 1, 1934, to March 1, 1935, the rent prescribed being $50.00 per month for the first three months, $60.00 per month for the second three months, and $75.00 per month for the last six months; that the appellant Zieg controlled radio stations WOWO and WGL in the City of Fort Wayne, and the defendant Marcella Isenberg conducted upon the premises a school for children for the training of radio talent under the name of "Aunt Sally's Studio." By the terms of the lease, the lessees were given an option for an additional year's tenancy at a price to be agreed upon but the lessees were to give the lessor thirty days' notice prior to the expiration of the lease of their intention to secure an extension; that at the expiration of the original term of the lease, i. e., March 1, 1935, the rent prescribed for the premises was delinquent and unpaid in the amount of $50.00 for January, 1935, and $75.00 for February, 1935. There was certain evidence that Isenberg requested an extension of the lease and that Zieg guaranteed the payment of the rent during the extended time but if this alleged guaranty be disregarded there was also evidence which tends strongly to show that during all of the time Isenberg remained in said premises, which was until she closed her radio school about May 20, 1935, the appellant Zieg under arrangement with his said co-lessee, Marcella Isenberg, furnished the premises with equipment necessary for

the conduct of the radio school for children and installed furniture and fixtures for use in the school and for quarters therein for his own personal use consisting of remote control radio broadcasting equipment, including a microphone, amplifier, batteries, and equipment, chairs, a stage, and curtains; that when the defendant Marcella Isenberg vacated the property in May 1935 at the expiration of the season of her radio school, the furniture, fixtures, and equipment of the lessees were left in the demised premises, and that the lessees at no time surrendered the keys for the property and that the lessees' personal property was not moved from the property until July, 1935.

As we view the evidence it abundantly sustains the decision of the trial court. There is no cause or ground in the motion for a new trial that the recovery is too large nor could there well be for the reason that there was evidence that the appellant's own property remained in the premises for a longer unpaid period than was included in the judgment.

We have examined the complained of rulings as to the evidence. In at least four instances as to the rulings the appellant has presented no question by reason of his failure to make an offer to prove in the trial court. These were upon his examination in chief of his own witness. The rule is that no error is available under such circumstances unless there is an offer to prove stating the facts which it is assumed the question will elicit. See: *Piggly-Wiggly Stores* v. *Lowenstein* (1925), 197 Ind. 62, 147 N. E. 771; *Fowler* v. *Newsom* (1910), 174 Ind. 104, 90 N. E. 9; *Inter Ocean Casualty Co.* v. *Wilkins* (1933), 96 Ind. App. 231, 182 N. E. 252; *State Storage, Inc.* v. *Scheper* (1932), 95 Ind. App. 157, 181 N. E. 385 and cases cited.

We have found no reversible error in any of the rulings on the evidence.

Nothing has been presented to show that the decision is contrary to law. Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 27 N. E. (2d) 387.